A. D. SCHENDEL v. CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY.[1]

October 24, 1930.

No. 27,998.

*Davis & Michel,* for appellant.

*F. W. Root, C. O. Newcomb, A. C. Erdall* and *Daly & Barnard,* for respondent.

[1]Reported in 232 N. W. 629.

396

STONE, J.

This action under the federal employers liability and safety appliance acts to recover damages for the death of a railroad employe has been through three trials and now makes its third appearance here. The first two trials resulted in verdicts for plaintiff. The first was set aside for error (158 Minn. 378, 197 N. W. 744) and the second for lack of sufficient substantial evidence in its support (165 Minn. 223, 206 N. W. 436). The third jury to pass on the facts found for defendant, and the case is now here on plaintiff's appeal from the order denying his motion for a new trial.

On the last two trials defendant rested on plaintiff's evidence. The facts were stated at such length by Mr. Justice Quinn when the case was last here that little of restatement or addition is now needed. It is enough to summarize the claims for plaintiff. They are that the deceased, Charles Hilt, a switchman in defendant's employ, was killed at Janesville, Wisconsin, while attempting to uncouple a gondola car with a defective coupler from a box-car with a good coupler and that the defective coupler was the proximate cause of the accident, which occurred in the nighttime. Hilt was last seen either on the ground and while stepping between the cars or while stepping from the ground into a stirrup on his way over the drawbars to the other side of the train for the purpose, supposedly, of using the efficient coupler on the box-car. The doubt at this point arises on testimony from the last witness to see Hilt alive as to the manner in which his lantern disappeared. That testimony is easily open to the construction that the lantern disappeared from view in such manner as to indicate that Hilt was stepping up into the stirrup on his way to the other side of the train. It does not at all compel the conclusion that he remained on the ground and went between the cars. There direct evidence stops, except that after Hilt disappeared there were two short movements, one forward and one backward. The latter was terminated by a "washout" stop signal. Hilt's mutilated body was found under the gondola car. It had been run into or over by the near trucks of both cars. They had not been uncoupled. The substantial new evidence at the last

trial was that after Hilt's disappearance between the cars he gave two short whistles calling for the first and forward movement.

The argument for plaintiff concludes that the evidence does not satisfactorily support the verdict. Counsel invite attention to cases (e. g. Manning v. C. G. W. R. Co. 179 Minn. 411, 229 N. W. 566) wherein verdicts establishing the affirmative of an issue of negligence or other wrong have been set aside for lack of satisfactory support by the evidence. But now we are considering a negative verdict on that issue, a fact finding against the litigant having the burden of proof and carrying the risk of nonpersuasion of the jury. The inquiry is not strictly whether the negative is adequately supported but whether the evidence compels a finding for the affirmative. A defendant's bare denial of wrong prevails in the absence of evidence and until proof adequately supporting the affirmative is confirmed by verdict or finding. It follows that a negative decision is unassailable unless, as matter of law, the evidence compels the contrary result. Here it does not. At the trial counsel for plaintiff seemed to have been of that opinion. They did not ask for an instruction that plaintiff have a verdict and that the only thing for the jury was its amount.

That the coupler was defective is plain. But that it was the cause of Hilt's death is shown neither by direct evidence nor compelling circumstantial proof. At best, a conclusion either way is matter of inference. As long as on the record an inference is tenable, as it is, that Hilt's death was not caused by the bad coupler or by any negligence chargeable to defendant, the verdict must stand. It but makes this another case where the deserving dependents of a workman, killed in the performance of his duties as a quasi public servant, must go without relief for lack of an adequate compensation law.

Order affirmed.