# ROLLO AND GERTRUDE DICKINSON v. WALTER B. LEE.[1]

February 3, 1933.

Nos. 28,995, 28,996.

*Charles C. Kolars* and *Pfau & Pfau,* for appellants.

*Gillette & Meagher, H. L. & J. W. Schmitt,* and *Charlotte Farrish,* for respondent.

LORING, JUSTICE.

These two actions were brought by Rollo Dickinson and his wife, Gertrude, to recover damages for injuries to themselves and to Mr.

[1]Reported in 246 N. W. 669.

Dickinson's automobile arising out of a collision which occurred on highway No. 5 south of Shakopee on September 1, 1930. The accident occurred in the early evening but after dark. A group of four cars, of which both the plaintiffs' and defendant's were members, was proceeding south, and another group of four cars was traveling north. The collision occurred at the time the two groups met. In view of the fact that the jury has found in favor of the defendant, we must state the facts as they appear most favorable to him. When the northbound group of cars was approximately a half mile from him, the defendant, Lee, who was then in the rear of the southbound group of four, sought to and did pass two of the cars ahead of him, which placed him immediately behind and about three car-lengths from the Dickinson car. In this position, according to the evidence, he traveled the distance of approximately two blocks, maintaining his distance from the car ahead of him. The northbound group of cars then came opposite to the Dickinson car, which was leading the southbound group. For some reason the front car of the northbound group slowed down so as to come into collision with the next car behind it, and the third car, either in order to avoid striking these two cars or for some unknown reason, turned to the left so as to come into collision with the Dickinson car, the left front wheels interlocking with considerable violence and the front ends of both cars being lifted into the air by the collision. In his endeavor to avoid striking the Dickinson car, Lee sought to turn to the right, and the left side of his bumper came into collision with the right rear bumper of Dickinson's car, doing a very slight amount of damage to both cars.

 It is the contention of the plaintiffs that they were first thrown to the rear by the collision, that the front seats of their car (a coach) were broken back toward the rear, and that these are physical facts which contradict the defendant's theory of the case and that therefore the verdict of the jury should be set aside and a new trial granted. The trial court charged the jury that if Lee was negligent in the manner of his passing the two cars ahead of him in such a way as to cause a collision between the northbound

cars resulting in one of their number being thrown across into the Dickinson car, that the jury should find for the plaintiffs; or, if he was negligent in colliding with the Dickinson car from the rear so as to cause the damage to that car and a subsequent collision with the northbound car, that he would also be liable. No question of contributory negligence was submitted to the jury, and no claim was made by the defendant that the plaintiffs were so negligent.

In our opinion the physical facts do not necessarily contradict the defendant's theory of the case. It is quite possible that the breakage of the front seat to the rear was caused by the lurching back of the Dickinsons following the collision with the northbound car and the rising of the front end of their car into the air. The jury was at liberty to find that they were wrong in their statements that the collisions came first from the rear and then from the front, because the defendant testified that he saw the front end collision occur first and then endeavored to avoid striking the Dickinson car. It is the contention of the Dickinsons that he did not have time to see this in the two or three seconds which intervened between the time when he says the collision occurred and when he struck the Dickinson car. We cannot follow this line of reasoning. Such things are seen in a flash and in a fraction of time too short to be measured by the ordinary means.

■ The plaintiffs requested the court to charge:

"A driver of an automobile is negligent if he fails to see in the road what is clearly visible."

In this case there was no evidence that the defendant did not see the northbound cars or anything else that was upon the road. We see no prejudice to the plaintiffs in the refusal of this charge. The entire charge taken as a whole was sufficiently favorable to the plaintiffs.

■ We are also of the opinion that the court properly excluded a notice served by the plaintiffs upon the defendant requiring him to state what information he had obtained at the scene of the accident.

The orders appealed from are affirmed.

OLSEN, JUSTICE, took no part.