## MARY VIRGINIA FARNHAM v. A. R. PEPPER.[1]

January 11, 1935.

No. 30,016.

*Alphonse A. Tenner,* for appellant.
*Sweet, Johnson & Sands* and *John L. Nesbitt,* for respondent.

[1]Reported in 258 N. W. 293.

JULIUS J. OLSON, JUSTICE.

Plaintiff appeals from an order denying her motion for new trial after an adverse verdict. She brought this action to recover damages for injuries received by her in an automobile accident. In her complaint she charged the defendant with operating his automobile "at a high and dangerous rate of speed, without having same under proper control, without maintaining a proper lookout and without giving any timely warning or signal," as a consequence whereof defendant "caused his automobile to collide with great force and violence upon and against an automobile driven by one Ray Hinch." Defendant denied negligence and asserted that the accident occurred because of the negligence of Hinch. He also charged plaintiff with being contributorily negligent. Plaintiff's reply put in issue the new matters pleaded by defendant. The cause was duly heard and submitted to a jury, which found a general verdict for the defendant. Plaintiff moved for a new trial on the grounds (1) that the verdict was not justified by the evidence and (2) that the court erred in submitting the question of plaintiff's contributory negligence to the jury. These are the only questions for review here.

The accident happened upon state highway No. 50 some 500 or 600 feet north of where the Prior Lake road crosses said highway and opposite or nearly opposite a lunch room which is located to the north of a garage, both structures being on the westerly side of highway No. 50. This highway is much traveled. It is paved to the width of 19 feet, and on either side thereof is a graveled shoulder something like six or eight feet in width. The highway crosses certain railroad tracks some distance to the north of where the accident happened. From this point on up to and perhaps beyond the Prior Lake road, a traveler going south, as was defendant, goes upgrade, the road being what is known as a five per cent grade. Defendant was driving upon said highway in a southerly direction, intending to go to Northfield. With him were plaintiff and one Miss Robinson, all three occupying the front seat, plaintiff being to the extreme right, Miss Robinson in the center, and defendant at the wheel. Immediately after crossing the rail-

road track, to cross which defendant had slowed down his speed to about 25 miles per hour, he proceeded uphill, increasing his speed to approximately 35 miles per hour, according to his own estimate. He claims that he maintained that speed until momentarily before the happening of the collision. The Hinch car was coming downgrade and headed north, that is to say, the two cars were approaching from opposite directions. It was a lovely Sunday afternoon between three and four o'clock; the date May 1, 1932. Road conditions were perfect; likewise the weather. There apparently was no reason for either driver to expect this unfortunate accident. Plaintiff's witnesses Hinch and Swenson say that the Hinch car upon approaching the garage and lunch room slowed down, and for a considerable distance back thereof "hugged" the center line, making a slow and gradual turn to the left; that immediately before attempting the turn Hinch opened his left front door to indicate his intention to make such turn. At that time, so these witnesses claim, defendant's car was approaching from the north, but a sufficient distance away to lead Hinch to believe that he could safely make the turn. Defendant claims that Hinch did not signal for a turn, or at all, but was on his own right side of the highway when he suddenly turned at a sharp angle to the west immediately in front of defendant's approaching car; that when this turn on the part of Mr. Hinch was made he was only some 15 or 20 feet away; that when defendant saw this he immediately slammed on his brakes, but the impact took place and plaintiff suffered certain injuries as a result of that collision.

The facts above stated briefly outline the contentions made by the respective parties. It is too obvious for argument *contra* that there was a fact question to go to the jury as to who was at fault, Hinch or defendant or perhaps both, and its decision in respect of the facts is final. This is especially true where, as here, the verdict has the approval by an able and experienced trial judge. Neither the parties nor the profession can gain anything by further discussion upon this phase of the case. There are numerous cases on this question, but we shall cite but two which appear to us controlling. Schendel v. C. M. & St. P. Ry. Co. 181 Minn. 395, 397, 232 N. W. 629; Dickinson v. Lee, 188 Minn. 130, 131, 246 N. W. 669.

■ The court's charge is clear and free from any objectionable feature. Plaintiff's counsel made no suggestions in respect of any error or inaccuracy. No suggestion was made that there was anything misleading or inadvertent therein. Under these circumstances we should not seek to construe the record in a strained or artificial way for the purpose of finding error. Plaintiff's counsel is a man of experience and thoroughly capable of guarding his client's interests. If he thought at the time of trial that the question of contributory negligence was not involved it would seem that he should, in good faith and fairness to the court, have called the attention of the court thereto. He did not choose to do so. There were two opposite theories of negligence involved. Plaintiff relied upon the testimony of Mr. Hinch and the witness Swenson, including of course her own. The negligence relied upon by plaintiff was fully and adequately pleaded and has heretofore been quoted. There was evidence to sustain plaintiff's claims. If the jury had chosen to believe plaintiff's version thereof, clearly the question of contributory negligence was properly in the case. If defendant's driving of the car was reckless, if he did not keep a proper lookout or failed to give an approaching car due warning, plaintiff, being in the same seat, might have suggested something to defendant to warn him of approaching danger or admonish him to slacken his speed. This is particularly true if the testimony of the witnesses Hinch and Swenson were to be believed to the effect that he (Hinch) was hugging the center line and that he opened his left front door as a signal of intending to cross to his left, these acts occurring at some distance back of where the turn was made. If defendant was traveling at reckless speed or was not keeping a proper lookout, would there not be room for the view that plaintiff herself was contributorily negligent in failing to warn defendant in respect thereof? Hinch testified that defendant, immediately prior to the collision, was coming along at 50 miles per hour. Plaintiff said he was traveling at 40 to 45 miles per hour. Reckless speed is one of the principal grounds upon which plaintiff bases her right of recovery. The court instructed the jury on this

phase of the case to the effect that if by a fair preponderance of the evidence it appeared that plaintiff, while she was riding with defendant, "was or in the exercise of reasonable care should have been aware either that the defendant, Pepper, was unmindful of some danger either known to or apparent to plaintiff herself, or that in the driving of the said automobile at said time the said defendant was not taking proper precautions, and failed to warn or admonish him or failed to take any proper steps for her own safety, she may be found guilty of negligence which, if it contributed proximately" to her injuries as a cause, would prevent recovery by her. Immediately following the court added:

"If, however, you find from the evidence that during all the time while the automobile in which she was riding was approaching the point of collision on the highway here involved, the plaintiff with respect to taking precautions for her own safety and with respect to warning or admonishing the defendant, Pepper, in all respects acted as a person of ordinary prudence usually would have acted under the same or similar circumstances, then she was not guilty of any contributory negligence."

The court placed the burden of proof upon defendant and required that he "must prove contributory negligence by a fair preponderance of the evidence." The charge of the court was in accordance with the theory of trial. 5 Dunnell, Minn. Dig. (2 ed. & Supp. 1932) § 7169. It became the law of the case. 1 Dunnell, Minn. Dig. (2 ed. & Supps. 1932, 1934) § 404.

Plaintiff seeks to fasten liability upon defendant and at the same time claims that her own conduct in failing to warn or admonish him is not even a jury question. Her positions are inconsistent. If defendant was driving at a reckless rate of speed or failed to exercise reasonable care in respect of approaching vehicles, she, occupying the same seat and seeing what was going on, as the jury might find she did, cannot remove herself from the field of one who is required to exercise reasonable care. If defendant was traveling too fast or committed other acts of negligence of the type involved in this action, would she not by her silence acquiesce

therein, at least to the extent of making her conduct a question of fact for the jury? Eddy v. Wells, 59 N. D. 663, 231 N. W. 785; Bryden v. Priem, 190 Wis. 483, 209 N. W. 703; Krause v. Hall, 195 Wis. 565, 217 N. W. 290.

The Iowa case, Hutchinson v. Sioux City Service Co. 210 Iowa, 9, 230 N. W. 387, holds that a guest riding in the front seat of an automobile and having an opportunity of seeing equal to that of the driver cannot completely surrender himself to the driver's care. The Wisconsin court holds the rule to be that a guest in an automobile is bound to exercise due care for his own safety in maintaining a lookout. See Sommerfield v. Flury, 198 Wis. 163, 223 N. W. 408; Goehmann v. National Biscuit Co. 204 Wis. 427, 235 N. W. 792; Haines v. Duffy, 206 Wis. 193, 240 N. W. 152. We need not go as far as did the courts in the cases cited to sustain the trial court.

The various cases that have come before this court are summarized and commented upon in 4 Dunnell, Minn. Dig. (2 ed. & Supps. 1932, 1934) § 7038.

We believe, in view of the facts here appearing, that the court was justified in submitting the question of contributory negligence to the jury.

It follows that the order appealed from should be and the same hereby is affirmed.