CLARENCE E. LOCKHART

*v.*

STATE WORKMEN'S COMPENSATION COMMISSIONER *and*

AMHERST INDUSTRIES, INC.

(No. 14780)

Decided June 17, 1980.

*Edward I. Eiland* for appellant.

*Preiser & Wilson and L. Alvin Hunt* for appellees.

CAPLAN, JUSTICE:

The claimant, Clarence E. Lockhart, was an employee of Amherst Industries, Inc. On January 17, 1976, while

so employed, he was injured and filed a claim for workmen's compensation benefits. The claim was ultimately held compensable by the commissioner and such holding was affirmed by an order of the Workmen's Compensation Appeal Board. This is an appeal by Amherst from that order.

On the above date, Mr. Lockhart was employed as a shakeout operator by Amherst at its coal-loading facility on the Ohio River at Huntington, West Virginia. In that employment he operated a machine that shakes coal out of coal cars into barges for transportation to other points. It is conceded that he was a maritime worker.

On January 17, 1976 he parked his car and proceeded across some railroad tracks to get to his job site. A train blocked his path and the claimant attempted to climb over and through the cars in order to reach his destination. As he proceeded, he fell and was crushed by the train, sustaining injuries which resulted in the amputation of both legs. Subsequently, he filed a claim for workmen's compensation benefits.

On January 12, 1977 the commissioner, holding that the claimant was not an employee subject to coverage within the meaning of *W.Va. Code*, 1931, 23-2-1, as amended, rejected his claim. The claimant protested this ruling and at the hearing held pursuant thereto a question was raised as to the applicability of the Longshoremen's and Harbor Worker's Compensation Act (Title 33, Chapter 18, U.S.C.). The claimant thereupon moved for a continuance for the purpose of determining whether or not he was covered by the Longshoremen's Act. Concluding, after much research, that he was not covered by the Act, the claimant sought to proceed on his claim for workmen's compensation benefits. Evidence was submitted, after which the commissioner entered an order setting aside his earlier ruling and held the claim to be compensable. The Appeal Board affirmed and the employer prosecutes this appeal. We affirm.

It is the contention of the employer that the claimant's injury is covered by the Longshoremen's Act and that such coverage is exclusive; therefore, the Appeal Board erred in holding that the subject injury was not so covered. Believing that the claimant is entitled to have his claim determined under the workmen's compensation law of this State and that the prosecution of a federal claim is not a prerequisite to that right, we disagree with the employer's contention.

Pertaining to coverage under the Longshoremen's Act, Section 903 thereof provides:

> Compensation shall be payable under this chapter in respect of disability or death of an employee, but only if the disability or death results from an injury occurring upon the navigable waters of the United States (including any adjoining pier, wharf, dry dock, terminal, building way, marine railway, or other adjoining area customarily used by an employer in loading, unloading, repairing, or building a vessel) . . .

The claimant in the instant case worked as a shakeout operator at a site between the flood wall and the Ohio River. The railroad tracks where he sustained his injuries were not on his employer's property and were, in fact, some distance from his usual place of employment. The coal dumped into the barges was shipped in interstate commerce on navigable waterways. These are the basic facts which the employee considered in making a determination of his coverage under the Longshoremen's Act. While he was a maritime worker, his injuries did not occur upon "the navigable waters of the United States"; nor did they occur on "any adjoining pier, wharf, dry dock, terminal, building way, marine railway or other adjoining area customarily used by an employer in loading, unloading, repairing or building a vessel."

In conducting the research on whether or not coverage was available under the Longshoremen's Act, counsel for the claimant found *Jacksonville Shipyards v. Perdue*, 539 F. 2d 533 (1976) and cites it to us in support of

claimant's determination that he was not covered by such federal act. There, Perdue, a maritime worker, was injured near his employer's office which was approximately a mile from his place of employment. The court held that Perdue was not injured on a situs as defined by Section 903 (a) of the Act. Ultimately, on March 19, 1979, a petition for a writ of certiorari was denied in the *Perdue* case by the United States Supreme Court. 440 U.S. 967, 99 S. Ct. 1520, 59 L. Ed. 2d 784. This refusal was subsequent to the court's decision in *Northeast Marine Terminal Co., Inc. v. Caputo*, 432 U.S. 249, 53 L. Ed. 2d 320, 97 S. Ct. 2348 (1977), which purported to liberalize the situs requirements of § 903(a) of the Longshoremen's Act.

The employer further contends that the question of whether or not the employee's injury is covered by the Longshoremen's Act can be decided only by federal authorities and courts. Cited for that proposition is *Calbeck v. Travelers Insurance Co.*, 370 U.S. 114, 82 S. Ct. 1196, 8 L. Ed. 2d 368 (1962) which was heard and decided with *Donovan v. Avondale Shipyards, Inc.* We find no language in the opinion concerning either case which supports the employer's contention. *Donovan* holds that "[c]ompensation payments may be made under the Louisiana Compensation Act without a prior administrative proceeding." While the Court held in *Donovan* that the receipt of payments[1] under a state workmen's compensation law does not preclude recovery under the Longshoremen's Act, it did not hold that only federal administrative authorities and courts can determine coverage under such Act. In fact, it appears quite clear that the court acknowledged that a claim may be prosecuted under a state compensation law.

Although 33 U.S.C. § 905(a) provides that "[t]he liability of an employer prescribed in section 904 of this title shall be exclusive and in place of all other liability of

---

[1] In compensation order under the Longshoremen's Act the full amount of all payments made by the employer was credited against the award and no impermissible double recovery is possible. 370 U.S. at 131.

such employer to the employee," we find no provision which precludes the processing of a claim for benefits under a state act where coverage under the Longshoremen's Act is questionable or inapplicable.

In the instant case the claimant, having concluded that the situs of his injuries precluded recovery under the Longshoremen's Act, filed for benefits under the state workmen's compensation act. This he was entitled to do. We acknowledge that should said claim be considered by the federal authorities and be found to come under the coverage of the Longshoremen's Act, the award made pursuant to the state act would be nullified.[2] *Donovan v. Avondale Shipyards, Inc., supra.*

In the circumstances of this case, the claimant could have filed for benefits under both the federal and state acts and if he proved coverage under the federal act he could not benefit from the state compensation act. Since, as noted above, the claimant filed under the state act, is it within the province of the state compensation commissioner to determine whether or not the claimant was covered under the Longshoremen's Act? We find that the commissioner must make a determination as to the applicability of the federal act before proceeding under the state law. If he finds that the federal law covers the claimant's injuries then the state claim must be considered no further. Longshoremen's Act, § 905 (a).

*W.Va. Code*, 1931, 23-2-10, as amended, provides:

> In case any employer within the meaning of this chapter is also engaged in interstate or foreign commerce, and for whom a rule of liability or method of compensation has been established by the Congress of the United States, this chapter shall apply to him only to the extent that his mutual connection with work in this State is clearly separable and distinguishable from his interstate work. . .

---

[2] In view of our decision affirming the Appeal Board, we are unaware of any manner in which this claim can now be considered under the Longshoremen's Act.

> Unless and until the Congress of the United States has by appropriate legislation established a rule of liability or method of compensation governing employers and employees engaged in commerce within the purview of the commerce clause of the United States Constitution (article 1, section 8), section one [§ 23-2-1] of this article shall apply without regard to the interstate or intrastate character or nature of the work or business engaged in.

It is conceded that Congress, by enacting the Longshoremen's Act, has established a rule of liability or method of compensation governing employers and employees engaged in commerce within the purview of the commerce clause of the United States Constitution. It necessarily follows that if the Longshoremen's Act does not afford coverage, state workmen's compensation laws would be available for consideration of the claim. That is precisely what the above statute, 23-2-10, provides.

Were we to accept the employer's position, no state determination could be made until after the federal authorities had decided whether coverage was available under the Longshoremen's Act. Should the latter decide that the claimant was not covered, it is possible, in fact probable if simultaneous claims were not filed, that the claimant's state remedy would be barred by the statute.

We agree with the commissioner and the Appeal Board that before assuming jurisdiction of the claim it was necessary to make a determination of whether or not the claimant's injury was covered by the Longshoremen's Act. We discern no unfairness or unjust advantage flowing from such conclusion.

Accordingly, the ruling of the Workmen's Compensation Appeal Board is affirmed.

*Affirmed.*