301 S.E.2d 592

**Gordon J. WARD**

v.

**STATE WORKMEN'S COMPENSATION COMMISSIONER and the Ohio River Co.**

**No. 15692.**

Supreme Court of Appeals of West Virginia.

March 25, 1983.

---

James H. Coleman, Charleston, for appellant.

James J. MacCullum, Shaffer & Shaffer, Madison, for appellee.

HARSHBARGER, Justice:

On December 10, 1979, Gordon Ward applied for occupational pneumoconiosis benefits, W.Va.Code, 23–4–1, *et seq.* The Workmen's Compensation Commissioner ruled on May 13, 1980 that he had met the statute's exposure requirements, and referred the claim to the Occupational Pneumoconiosis Board. W.Va.Code, 23–4–15b.

His employer, The Ohio River Company, protested. In May, 1981, after a hearing and submission of the claim, the Commissioner set aside her original ruling and rejected Gordon's claim because he was "not an employee within the meaning of" the workmen's compensation law, W.Va. Code, 23–2–1, *et seq.* (The Commissioner did not specify which part of the lengthy Code section she was relying upon.) The Appeal Board affirmed the Commissioner, and we granted this appeal to decide whether our state workers' compensation statute applies to injuries that are also covered by the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. § 901, *et seq.* (LHWCA), specifically § 903(a).[1]

Ward worked for The Ohio River Company at its Huntington, West Virginia coal loading facility. He transferred coal from railroad cars to barges, working on land-based facilities and a pontoon in the river. He was exposed to coal dust in both work areas.

The Ohio River Company argues that federal compensation by the LHWCA is Ward's exclusive remedy, and Ward is not entitled to a state claim. We are cited to our Syllabus Point in *Lockhart v. State Workmen's Compensation Commissioner*, 165 W.Va. 134, 267 S.E.2d 448 (1980):

> Where an injured maritime worker files for benefits under the state workmen's compensation law, the state compensation commissioner must make a determination as to the applicability of the Longshoremen's Act (Title 33, Ch. 18, U.S.C.) before the state law can be applied. If the commissioner finds the federal act covers the claimant's injuries, the state claim will not be further considered.

*Lockhart* reached that conclusion, in part, because our court understood that LHWCA's exclusivity provision, 33 U.S.C. § 905(a),[2] precluded concurrent state and federal jurisdiction when there was LHWCA coverage. *Id.*, 165 W.Va. at 137–138, 267 S.E.2d, at 450. *Lockhart* was decided on June 17, 1980. On June 23, 1980, the United States Supreme Court unanimously decided *Sun Ship, Inc. v. Commonwealth of Pennsylvania*, 447 U.S. 715, 100 S.Ct. 2432, 65 L.Ed.2d 458, *reh. denied*, 448 U.S. 916, 101 S.Ct. 37, 65 L.Ed.2d 1179.

*Sun Ship* clarified the concurrent jurisdiction of state and federal compensation remedies. Congress enacted the LHWCA in 1927 to ameliorate problems caused by a

---

**1.** Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. § 903(a):

"(a) Compensation shall be payable under this chapter in respect of disability or death of an employee, but only if the disability or death results from an injury occurring upon the navigable waters of the United States (including any adjoining pier, wharf, dry dock, terminal, building way, marine railway, or other adjoining area customarily used by an employer in loading, unloading, repairing, or building a vessel).

**2.** Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C., § 905(a):

"(a) The liability of an employer prescribed in section 904 of this title *shall be exclusive* and in place of all other liability of such employer to the employee, his legal representative, husband or wife, parents, dependents, next of kin, and anyone otherwise entitled to recover damages from such employer at law or in admiralty on account of such injury or death, ...." (Emphasis supplied.)

1917 decision, *Southern Pacific Co. v. Jensen,* 244 U.S. 205, 37 S.Ct. 524, 61 L.Ed. 1086, that denied injured maritime workers access to state compensation remedies. The act was worded to compensate injuries not covered by state compensation laws. Problems were not eradicated, however, because injured maritime workers were forced to determine which law applied and to then proceed in that exclusive forum.

Individual case-by-case determinations resulted in unnecessary expense and delay. Sometimes a choice of the wrong forum resulted in a statute of limitations bar to the other claim. *Davis v. Department of Labor,* 317 U.S. 249, 63 S.Ct. 225, 87 L.Ed. 246 (1942), and *Calbeck v. Travelers Insurance Co.,* 370 U.S. 114, 82 S.Ct. 1196, 8 L.Ed.2d 368 (1962), established an area of concurrent state and federal jurisdiction.

Congress amended LHWCA's Section 903(a) in 1972 to cover injuries sustained beyond the shoreline—injuries formerly within a state's exclusive jurisdiction. This was to guarantee compensation to injured shore workers absent adequate state remedies. Justice Brennan explained in *Sun Ship* that the 1972 amendment was intended to create a larger area of concurrent jurisdiction rather than move the "twilight zone" between state and federal jurisdiction. "The language of the 1972 amendments cannot fairly be understood as preempting state workers' remedies from the field of the LHWCA, and thereby resurrecting the jurisdictional monstrosity that existed before the clarifying opinions in *Davis* and *Calbeck.*" *Id.,* 447 U.S., at 720, 100 S.Ct. at 2436, 65 L.Ed.2d, at 463. The court noted in Footnote 8 that an award under one scheme would be credited against the other:

> Of course, there is no danger of double recovery under concurrent jurisdiction since employers' awards under one compensation scheme would be credited against any recovery under the second scheme. See, e.g., *Calbeck v. Travelers Insurance Co.,* supra, [370 U.S.] at 131, 8 L.Ed.2d 368, 82 S.Ct. 1196 [at 1205]. *Id.,* 447 U.S., at 725, 100 S.Ct. at 2439, 65 L.Ed.2d, at 466.

*Sun Ship* confronted the problem of federal authority over interstate commerce and admiralty, and analyzed congressional intent and determined "that the 1972 extension of federal jurisdiction *supplements, rather than supplants,* state compensation law. Given that the pre-1972 Longshoremen's Act ran concurrently with state remedies in the 'maritime but local' zone, it follows that the post-1972 expansion of the Act landward would be concurrent as well." *Id.,* 447 U.S., at 720, 100 S.Ct. at 2436, 68 L.Ed.2d, at 463 (emphasis ours).

In *Lockhart, supra,* we presumed that LHWCA coverage foreclosed state duplicate coverage. Code, 23–2–10 was designed to prevent this state's usurpation of Congress' superior power to regulate interstate commerce, to unconditionally include employees in separable, intrastate activities and to cover interstate West Virginia employees over whom Congress has not asserted exclusive authority. *See generally Suttle v. Hope Natural Gas Co.,* 82 W.Va. 729, 97 S.E. 429 (1918).

*Lockhart* also focused on W.Va.Code, 23–2–10:

> In case any employer within the meaning of this chapter is also engaged in interstate or foreign commerce, and for whom a rule of liability or method of compensation has been established by the Congress of the United States, this chapter shall apply to him only to the extent that his mutual connection with work in this State is clearly separable and distinguishable from his interstate work, and to the extent that such work in this State is clearly separable and distinguishable from his interstate work, such employer shall be subject to the terms and provisions of this chapter in like manner as all other employers hereunder. Payments of premiums shall be on the basis of the payroll of those employees who perform work in this State only.
>
> Unless and until the Congress of the United States has by appropriate legislation established a rule of liability or method of compensation governing employers and employees engaged in commerce within the purview of the commerce clause of the United States Constitution (article I, section 8), section one [§ 23–2–1] of this article shall apply with-

out regard to the interstate or intrastate character or nature of the work or business engaged in.

If Congress has not acted to preempt state law, application of state compensation law would not violate uniformity principles that underlie federal interstate commerce or maritime jurisdiction. This area of regulation belonged entirely to the states before the 1972 amendment of LHWCA. Congress did not remove West Virginia's power to act—it gave injured employees an optional forum in which to seek compensation. *Accord, Rice v. Santa Fe Elevator Corp.,* 331 U.S. 218, 230, 67 S.Ct. 1146, 1152, 91 L.Ed. 1447 (1947); *Poche v. Avondale Shipyards, Inc.,* La., 339 So.2d 1212 (1977), *reh. denied,* 339 So.2d 1225, *app. dismissed, Territo v. Poche,* 434 U.S. 803, 98 S.Ct. 31, 54 L.Ed.2d 60; *Murray v. City of Augusta,* Me., 394 A.2d 1171 (1978); *Johnson v. Texas Employers Insurance Assn.,* Tex.Civ.App., 558 S.W.2d 47 (1977), *reh. denied.* *See* Larson, The Conflicts Problem Between the Longshoremen's Act and State Workmen's Compensation Acts Under the 1972 Amendments, 14 Houston L.Rev. 287, 342–44 (1977).

We find that *Sun Ship* overrules our Syllabus Point in *Lockhart.* A maritime employee who suffers injuries compensable by federal compensation law, 33 U.S.C., § 901, *et seq.,* and state workers' compensation law, W.Va.Code, 23–1–1, *et seq.,* may assert his state claim without a determination about applicability of the Longshoremen's and Harbor Workers' Compensation Act. *Accord, Thompson v. Teledyne Movible Offshore, Inc.,* La., 419 So.2d 822 (1982); *American Original Foods, Inc. v. Ford,* 221 Va. 557, 272 S.E.2d 187 (1980). *See* Rubin, Sunship [sic] Decision Sinks Federal Exclusivity Doctrine in Longshoremen's and Harbor Workers' Claims, 69 Ill. B.J. 696–704 (1981); Larson, 4 Workmen's Compensation Law § 89.70–.74.

We reverse and remand for further proceedings consistent with this opinion.

Reversed and remanded.