Ronald JACOBSON, Relator,

v.

**DULUTH, MISSABE & IRON RANGE RAILWAY CO., Self–Insured, Respondent.**

No. C0–90–288.

Supreme Court of Minnesota.

July 20, 1990.

James Courtney, III, Duluth, for relator.

Robert E. Mathias, Duluth, for respondent.

WAHL, Justice.

Ronald Jacobson appeals to this court by writ of certiorari from a Workers' Compensation Court of Appeals affirmance of a decision by the compensation judge denying Jacobson's claim for permanent partial disability (PPD) benefits under the Minnesota Workers' Compensation Act, Minnesota Statutes, chapter 176 (1982 & Supp. 1983). The compensation judge held that the employee, engaged by a common carrier in interstate commerce, was covered by a federal law comparable to the Federal Employers' Liability Act (FELA), 45 U.S.C. §§ 51–60 (1982), and therefore excluded from benefits provided by the Minnesota Workers' Compensation Act. We reverse.

Ronald Jacobson was employed by the Duluth, Missabe & Iron Range Railway (DM & IR), a common carrier engaged in interstate commerce, when, on August 11, 1983, he injured his back while loading materials onto his employer's vessel. Jacobson brought suit under FELA but that claim was dismissed because at the time of the accident he was doing work covered by the Longshoreman and Harbor Workers' Compensation Act (LHWCA), 33 U.S.C. §§ 901–950 (1988). As between FELA and LHWCA, his sole remedy was under the LHWCA.[1]

The employer paid Jacobson LHWCA benefits for temporary total disability (loss of wages and medical expenses) until he returned to work with the DM & IR full-time and without wage loss. Dr. D.F. Person, orthopedic surgeon, found that Jacobson had suffered a 20% permanent physical impairment of his spine due to the work injury. Jacobson was not eligible for PPD benefits under LHWCA because he suffered no loss of earning capacity.[2] Having received no compensation for his permanent partial disability, he filed a claim for PPD benefits under the Minnesota Workers' Compensation Act, Minn.Stat. ch. 176 (1982 & Supp.1983).

Minnesota Statutes § 176.041, subd. 1 (1983), in effect at the time of the employee's injury, provided in part:

[t]his chapter does not apply to persons employed by any common carrier by railroad in interstate commerce * * * which persons are covered by the Federal Employers' Liability Act * * * or other comparable law.

The compensation judge found that as a result of the work-related injury the employee suffered a 20% PPD of the spine, but that because he was covered by the LHWCA, which the compensation judge found to be comparable to FELA, he was excluded from benefits under the Minnesota Act. Neither party appealed the finding of a 20% PPD. The employee appealed the determination that he was excluded from benefits under the Minnesota Act. The WCCA affirmed (2–1) the denial of benefits.

■ The question before this court is whether the LHWCA is a federal law comparable to FELA so as to exclude the employee from benefits under the Minnesota Act pursuant to Minn.Stat. § 176.041, subd. 1, (1982 & Supp.1983). The employer argues that "comparable" does not mean the "same as" and that FELA and LHWCA are comparable because each provides legal remedies for injured employees who fall within the purview of federally regulated commerce. To the employer the word "comparable" means compensatory because, the argument goes, there are no other laws the same as FELA.[3] The em-

---

**1.** See Johnson v. Duluth, Missabe & Iron Range Ry. Co., 437 N.W.2d 727, 730 (Minn.App.1989), pet. for rev. denied (Minn., May 24, 1989), cert. denied, —— U.S. ——, 110 S.Ct. 538, 107 L.Ed.2d 536 (1989); Wistrom v. Duluth, Missabe & Iron Range Ry. Co., 437 N.W.2d 730, 733 (Minn.App. 1989), pet. for rev. denied (Minn., May 24, 1989), cert. denied, —— U.S. ——, 110 S.Ct. 538, 107 L.Ed.2d 536 (1989).

**2.** 33 U.S.C. § 908(c)(21) provides that "the compensation [for permanent partial disability]

shall be 66⅔ per centum of the difference between the average weekly wages of the employee and the employee's wage-earning capacity thereafter in the same employment or otherwise * * *." Since Jacobson returned to work in the same position at the same wage, section 908(c)(21) was inapplicable.

**3.** There is at least one other federal compensation system comparable to FELA. The Jones Act, 46 U.S.C.App. § 688 (1982), applies to seamen who are injured or killed in the course of

ployer also argues that the Minnesota legislature did not intend to provide for concurrent coverage.

■ The employee argues that LHWCA is not comparable to FELA for several reasons. First, the two acts are not comparable because a FELA action is premised in tort, and the LHWCA is a workers' compensation act. FELA provides that "[e]very common carrier by railroad * * * shall be liable in damages to any person suffering injury while he is employed by such carrier * * * for * * * injury * * * resulting in whole or in part from the negligence of the * * * carrier or by reason of any defect or insufficiency due to its negligence in its * * * equipment." 45 U.S.C. § 51. FELA cases may be tried to a jury, which may award an employee damages for past and future earnings, medical expenses and pain and suffering. Sitzman, *A Look at the Federal Employers' Liability Act in the Eighth Circuit,* 21 Creig.L.Rev. 1073, 1077 n. 14 (1988). Some employees have recovered in excess of one million dollars in damages under FELA. In *Workman's Compensation Law,* Larson states:

> [t]he present Federal Employers' Liability Act is not a workmen's compensation act. It gives employees of interstate rail carriers an action in negligence against their employers, free of the fellow servant and assumption of risk defenses, and with comparative negligence put in place of common-law contributory negligence.

4 A. Larson, *Workman's Compensation Law,* § 91.10, at 16–528 (1989).[4]

The LHWCA, 33 U.S.C. § 901–950 (1988), on the other hand, is a workers' compensation act. This act provides

> compensation shall be payable * * * [for] disability * * * of an employee * * * if the disability * * * results from an injury occurring upon the navigable waters of the United States (including any adjoining pier, wharf, dry dock, terminal, building way, marine railway, or other adjoining area customarily used by an employer in loading, unloading, repairing, dismantling, or building a vessel.)

33 U.S.C. § 903(a). The LHWCA provides that injured employees may recover compensation for death or permanent disability, or partial disability, if there is an accompanying loss in wages and medical benefits. 33 U.S.C. §§ 906, 908. Compensation under the act is received regardless of fault. 33 U.S.C. § 903.

■ The most important and, to us, the decisive difference between FELA and LHWCA, however, is that FELA, where applicable, occupies the field of liabilities between railroads and railroad employees while the LHWCA does not. It is well-settled that when a railroad employee is injured on a job covered by the FELA, the FELA remedy is the employee's sole and exclusive remedy against his employer. *See, e.g., New York Cent. R.R. v. Winfield,* 244 U.S. 147, 151–52, 37 S.Ct. 546, 548, 61 L.Ed. 1045 (1917). The LHWCA, on the other hand, does not occupy the field of

employment. The Jones Act incorporates by reference the rights and liabilities of FELA.

> Any seaman who shall suffer personal injury in the course of his employment may, at his election, maintain an action for damages at law, with the right of trial by jury, *and in such action all statutes of the United States modifying or extending the common-law right or remedy in cases of personal injury to railway employees shall apply * * *.*

46 U.S.C.App. § 688(a) (emphasis added). Under the Jones Act, the liabilities of maritime employers are virtually identical to those of railroad employers. *See* Gilmore & Black, *The Law of Admiralty,* §§ 6–26 to 6–29, at 351–360 (2d ed.1975). Moreover, once a seaman's status is established under the Jones Act the remedies under the act are exclusive. *See Swanson v. Marra Bros.,* 328 U.S. 1, 7 (1946); Robertson,

*Current Problems in Seamen's Remedies: Seaman Status, Relationship Between Jones Act and LHWCA, and Unseaworthiness Actions by Workers Not Covered by LHWCA,* 45 La.L.Rev. 875, 893–95 (1985).

**4.** FELA has come under attack recently by a variety of courts and commentators because it is claimed to be an ineffective compensation act. *See, e.g.,* Phillips, *An Evaluation of the Federal Employers' Liability Act,* 25 San Diego L.Rev. 49 (1988) (discussion of criticisms) and Schwartz & Mahshigian, *The Federal Employers' Liability Act, a Bane for Workers, a Bust for Railroads, a Boon for Lawyers,* 23 San Diego L.Rev. 1 (1986). Despite its deficiencies, however, the fact remains that FELA is an act which has its basis in tort. In order to recover an employee must prove some kind of fault.

compensation for employees injured while engaged in longshoring work. In 1980, the United States Supreme Court held in *Sun Ship, Inc. v. Pennsylvania,* 447 U.S. 715, 723–24, 100 S.Ct. 2432, 2438, 65 L.Ed.2d 458 (1980), that workers, who were injured on land and fell within the jurisdiction of LHWCA, could pursue concurrent state benefits. The *Sun Ship* court described LHWCA benefits as supplementing state compensation systems rather than supplanting them.[5] Even before 1980, concurrent LHWCA and state benefits were permitted in certain circumstances which were designated as "the twilight zone." In the twilight zone, depending on the facts of the particular injury, an employee could be eligible for receipt of both LHWCA and state benefits.[6]

The employee also argues that the Minnesota legislature, by the 1975 amendments, intended to insure that injured railroad workers who were excluded from bringing a FELA action would be covered under Minnesota law. The legislative history indicates that this was at least one reason for the amendment.[7] The legislature had, in addition, this court's expressed concern, in a line of cases beginning in 1924, that certain railroad employees who were injured were left without a remedy.[8]

■ We are persuaded that by "other comparable law" the legislature intended another federal law, like FELA, which is an employee's exclusive remedy when injured on the job.[9] To hold LHWCA comparable to FELA would cause a result the legislature could not have intended. Jacobson's eligibility for LHWCA benefits in this case, even though he was employed by a railroad, resulted merely from the fact that he was performing longshoring work. Had he been a stevedore, not employed by the DM & IR, the exclusion in section 176.041, subd. 1, would not apply. Longshore workers not employed by railroads are not barred by section 176.041, subd. 1, from receiving concurrent state and LHWCA benefits. *Beek v. North Central Terminal Operators,* Workers' Compensation Court of Appeals, No. 480–52–4219 (Dec. 22, 1986). The legislature could not have

**5.** Although this court has not specifically addressed the issue of concurrent state and LHWCA benefits, in *Pierce v. Robert D. Pierce, Ltd.,* 363 N.W.2d 761, 762–63 (Minn.1985), we allowed successive state awards so long as the second award was reduced by the amount received in the first.

**6.** A number of other states allow concurrent state coverage for employees who receive LHWCA benefits. These jurisdictions, however, do not have statutes which exclude those employees who have coverage not only under the FELA but also under "other comparable law." *See, e.g., Wallace v. Ryan–Walsh Stevedoring Co.,* 708 F.Supp. 144, 153 (E.D. Tex.1989); *Logan v. Louisiana Dock Co.,* 541 So.2d 182, 189 (La.1989); *Bouford v. Bath Iron Works Corp.,* 514 A.2d 470, 474 (Me.1986), *cert. denied,* 479 U.S. 1065, 107 S.Ct. 951, 93 L.Ed.2d 1000 (1987) and *Ward v. State Workmen's Compensation Comm'r,* 301 S.E.2d 592, 595 (W.Va.1983).

**7.** At the hearing on the amendment in the House of Representatives, LeRoy Schram, counsel for the House Research Department, stated:

[T]he reason for this [change] is the U.S. Department of Labor recommended a change similar to this because our state law does not cover railroad workers. But there's a possibility * * * that [FELA] does not cover every single railroad employee. It's possible if you're not connected with interstate commerce in some way, * * * there may be an employee who's not covered * * * that's in our law now, would exclude him from getting workmen's compensation under the state law. Hearing on H.F. 522, H. Pub. and Priv. Subcomm. of the Govern'l Opert. Comm. 69th Minn. Leg., March 19, 1975 (audio tape).

**8.** In *McCann v. Minneapolis & St. L.R. Co.,* 159 Minn. 70, 198 N.W. 300 (1924), the plaintiff could not prove negligence against his railroad-employer. The court stated: "[i]t is regrettable that the Workmen's Compensation Law has not been extended to men in the railroad service, who perhaps more than in any other industry are exposed to injuries and death." *Id.* at 76, 198 N.W. at 302. *See also Hill v. Minneapolis, St. P. & S.S.M. Ry. Co.,* 160 Minn. 484, 490, 200 N.W. 485, 487 (1924) (employee who lost leg not able to recover against railroad-employer. "Such cases must appeal strongly to the wisdom of the lawmakers for the inclusion of railway employees in a compensation act"); *Schendel v. Chicago, M. & St. P. Ry. Co.,* 181 Minn. 395, 397, 232 N.W. 629, 630 (1930) (employee could not prove negligence on the part of the railroad. "It but makes this another case where the deserving dependents of a workman, killed in the performance of his duties * * * must go without relief for lack of an adequate compensation law").

**9.** *See* footnote 3, *supra.*

intended to allow longshore workers not employed by railroads concurrent state and federal benefits, while simultaneously excluding employees who are doing the same work, but are employed by a railroad and are barred from bringing a FELA action. To deem LHWCA comparable to FELA under section 176.041, subd. 1, would have this precise result. We hold that the Longshoreman and Harbor Workers' Compensation Act, 33 U.S.C. §§ 901–950 (1988), is not a federal law comparable to the Federal Employers' Liability Act, 45 U.S.C. §§ 51–60 (1982), so as to exclude the employee from receiving concurrent benefits under the Minnesota Workers' Compensation Act, Minnesota Statutes, chapter 176 (1982 & Supp.1983). We reverse the decision of the Workers' Compensation Court of Appeals and remand for award of benefits.

Reversed and remanded.