KENNECOTT HOLDINGS
CORPORATION, et al.,
Respondents,

v.

LIBERTY MUTUAL INSURANCE
COMPANY, pet.  Appellant,

Employers Insurance of Wausau,
Insurance Company of North
America, Respondents,

Certain Underwriters at Lloyd's
of London, pet.  Appellant,

Aetna Casualty & Surety, et al., The Home
Insurance Company, Landmark Insur-
ance Company, et al., and Unigard Secu-
rity Insurance Company, Respondents.

No. C4–96–2087.

Supreme Court of Minnesota.

May 14, 1998.

Larkin, Hoffman, Daly & Lindgren, Ltd., Terrence E. Bishop, Bloomington, Parsons, Behle & Latimer, James B. Lee, Francis M. Wikstron, Hal J. Pos, Salt Lake City, UT, for respondents.

Stich & Angell, Leo Brisbois, Minneapolis, Mintz, Levin, Cohn, Ferris, Glovsky & Popeo, P.C., Kim V. Marrkand, Michael J. Gill, Boston, MA, for Liberty Mut. Ins. Co.

Moss & Barnett, Paul G. Neimann, Minneapolis, for Employers Ins. of Wausau.

Cohn & Russell, Michael J. Baughman, Chicago, IL, for Ins. Co. of North America.

Meagher & Geer, P.L.L.P., William M. Hart, Charles E. Spevacek, Joseph W. E. Schmitt, Minneapolis, D'Amato & Lynch, Neal M. Glazer, Frances Buckley, New York City, for Certain Underwriters at Lloyd's of London Market Companies.

Lind, Jensen & Sullivan, Ted E. Sullivan, Minneapolis, Choate, Hall & Stewart, Mark D. Cahill, Boston, MA, for Aetna Cas. & Surety, et al.

Faegre & Benson, Diana Y. Morrissey, Minneapolis, for Home Ins. Co.

Arthur, Chapman, Kettering, Smetak & Pikala, P.A., Thomas A. Pearson, Minneapolis, Clausen & Miller, Amy R. Paulus, Chicago, IL, for Landmark Ins. Co.

Mahoney, Dougherty & Mahoney, Richard P. Mahoney, Minneapolis, Craig, Waksler, Taylor, Duane, Barton & Gilman, James J. Duane, III, Boston, MA, for Unigard Security Ins. Co.

## OPINION

STRINGER, Justice.

The issue we consider is whether dismissal of a plaintiff's claim, properly pending in a Minnesota court, on the basis of *forum non conveniens,* must be conditioned to preserve the plaintiff's same procedural rights, including the statute of limitations, in the transfer court as it would have had in Minnesota where the case was filed. The district court held that it did not, but the court of appeals modified the dismissal to provide that plaintiff was entitled to have its rights preserved. We agree with the court of appeals and therefore affirm.

The respondents, Kennecott Holdings Corporation, et al. ("Kennecott"), are a group of Delaware corporations with corporate headquarters and principal places of business in Utah. Kennecott operates a mammoth open pit copper mine 2 1/2 miles long and 1/2 mile deep near Salt Lake City, Utah, and the record indicates that hazardous waste from this mining operation and other related activities is now threatening the water supply of Salt Lake City and surrounding communities. The Environmental Protection Agency sought clean-up of Kennecott's Utah mining related sites [1] and several state agencies filed environmental clean-up claims for smaller sites, including one in Minnesota.[2] As a result, Kennecott is faced with environmental clean-up costs expected to exceed $400,000,-000.[3] While most of those costs relate to Kennecott's copper mining operations in Utah, approximately $4,000,000 relate to its Minnesota mining operation.

Kennecott is the successor in rights and interests under several liability insurance policies issued by the various insurance companies, the appellants (collectively "Insurance Companies"),[4] and brought this environmental-coverage action in Minnesota district court on November 17, 1995 presumably in the belief that among the various jurisdictions in which suit could have been appropri-

---

1. The Environmental Protection Agency has proposed Superfund designation for the north and south zones of the open pit copper mine.

2. Those states include: Alaska, Colorado, Minnesota, Montana, Nevada, New Mexico and Utah. The Minnesota site is the Babbitt Mine located near Virginia, Minnesota.

3. Kennecott claims that the total costs of cleanup are unknown.

4. The insurance companies that issued the liability policies in this case are national and multinational corporations similarly incorporated and headquartered outside the state of Minnesota, but are licensed to conduct business in Minnesota.

ately commenced, Minnesota was the most advantageous forum.

On April 11, 1996, three of the Insurance Companies [5] moved for dismissal of Kennecott's action on the ground of *forum non conveniens* arguing that Utah would be a more convenient forum. That same day two of the Insurance Companies [6] brought an action in a Utah state court seeking declaratory relief involving substantially the same claims and the same parties as the Minnesota action. The Minnesota district court granted the Insurance Companies' motion to dismiss and conditioned the dismissal on the Insurance Companies waiving defenses based on personal jurisdiction, process, and statutes of limitations which did not exist as of November 17, 1995, the date Kennecott filed its action in Minnesota—a ruling that potentially subjected Kennecott to a statute of limitations defense that had accrued in Utah as of November 17, 1995.

Kennecott appealed the trial court's order of dismissal claiming that the conditions set by the trial court did not ensure that Kennecott would have an adequate and available forum in Utah because statutes of limitations may have run there prior to the November 17, 1995 filing of the Minnesota action. It argued that it was entitled to the same procedural rights it had when it filed its action in Minnesota. The court of appeals, concluding that the district court's conditional dismissal "failed to achieve the policy underlying the * * * *Bergquist* decision," agreed with Kennecott and held that the district court abused its discretion when it subjected Kennecott to a statute of limitations defense in Utah that it was not subject to in Minnesota. The court of appeals therefore modified the conditional dismissal to require the Insurance Companies' agreement to waive defenses based on personal jurisdiction, process, and statutes of limitations which did not exist *in Minnesota* as of November 17, 1995, as a condition of granting the motion to dismiss on the basis of *forum non conveniens*.

A litigant's right to bring an action wherever it chooses has long been recognized, so long as the court has subject matter and personal jurisdiction over the defendant and venue and statutes of limitations requirements are met. *See generally Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947); *Bergquist v. Medtronic, Inc.,* 379 N.W.2d 508 (Minn.1986); *Hague v. Allstate Insurance Co.,* 289 N.W.2d 43 (Minn. 1978), *aff'd,* 449 U.S. 302, 101 S.Ct. 633, 66 L.Ed.2d 521 (1981). Kennecott's right to sue the Insurance Companies for coverage for reclamation costs in Minnesota is not in dispute, but obviously that does not end the matter as to the appropriate trial tribunal. Under the equitable doctrine of *forum non conveniens* the court may, in its discretion, "decline jurisdiction over transitory causes of action * * * when it fairly appears that it would be more equitable to have the case tried in another available court of competent jurisdiction." *Hague,* 289 N.W.2d at 45. In *Bergquist* we again cited the strong presumption in favor of the plaintiff's choice of forum but went on to note "the trial court must balance a series of public and private interest factors in determining whether the defendant has successfully rebutted the presumption that the plaintiff's choice of forum will not be disturbed." 379 N.W.2d at 511. When the trial court has weighed the relevant public and private interest factors, its decision to dismiss on grounds of *forum non conveniens* will not be reversed unless there has been an abuse of discretion. *Bergquist,* 379 N.W.2d at 511–12.

In *Bergquist,* Edward W. Bergquist, acting as trustee for the heirs of Erik Henry Boteus, brought a wrongful death action in Hennepin County District Court against Medtronic, Inc., a Minnesota corporation, and its subsidiary, Medtronic Blood Systems, Inc. (collectively "Medtronic"). *Bergquist,* 379 N.W.2d at 509–10. Boteus was a resident and citizen of Sweden who underwent heart surgery in a hospital located in Sweden. *Id.* at 510. All of the physicians and

---

5. The moving parties were Liberty Mutual Insurance Company, Employers Insurance of Wausau, and Certain Underwriters at Lloyd's of London.

6. The filing parties were Liberty Mutual Insurance Company and Employers Insurance of Wausau.

hospital personnel were Swedish citizens, as were Boteus' heirs. *Id.* When the implantation of a prosthetic heart valve designed, manufactured and distributed by Medtronic malfunctioned causing Boteus' death, Bergquist brought suit against Medtronic in Minnesota claiming that the valve was defective. *Id.* Medtronic's motion to dismiss on grounds of *forum non conveniens* was granted by the trial court but reversed by the court of appeals as premature. *Id.* at 511. On review, we reinstated the trial court's dismissal but conditioned it on the following:

> That plaintiff * * * actually has a cause of action that may be brought in Sweden; that the defendants will waive any objections to the jurisdiction of the Swedish courts and waive any statute of limitations that may or may not be imposed on plaintiff bringing his lawsuit in Sweden; and that there is no other procedural impediment to full litigation under the substantive law of Sweden.

*Id.* at 513. In addition in *Bergquist* we adopted the holding in *Piper Aircraft Co. v. Reyno,* and stated "that the presumption given a plaintiff's choice of forum should apply with 'less than maximum force' when the plaintiff is foreign." *Bergquist,* 379 N.W.2d at 512 (quoting *Piper,* 454 U.S. 235, 261, 102 S.Ct. 252, 268, 70 L.Ed.2d 419 (1981)).

■ The Insurance Companies claim that the holding in *Piper* and adopted by this court in *Bergquist* applies to Kennecott, a group of Delaware corporations, on the theory that a nonresident of Minnesota is foreign for purposes of the *Piper* rule: that is, a nonresident of Minnesota has a lesser presumption of appropriateness as to the selection of its forum than a resident of Minnesota. We disagree. The plaintiffs in *Piper* and *Bergquist* were from foreign nations, not different states among the United States. *Piper,* 454 U.S. at 256, 102 S.Ct. at 266; *Bergquist,* 379 N.W.2d at 512. Although those cases held that a foreign plaintiff's choice of forum deserves less deference, we construe the reference to "foreign" to be in the context of nationality, not state residency. In *Bergquist,* when we adopted the rule in *Piper* with respect to a foreign national plaintiff, we stated:

> Why should the United States taxpayers, or taxpayers of Minnesota in the present case, be presumed to pay for the costs of trial for a plaintiff who is a citizen of a foreign nation; who has a remedy in his own country; and whose defendant consents to being sued in the foreign country?

*Bergquist,* 379 N.W.2d at 512. Furthermore, we drew a distinction between citizens of different states and foreign nationals, *see id.* at n. 5, a distinction that clearly makes sense in a time when our state courts frequently entertain jurisdiction over United States nationals but nonresidents of Minnesota. To accord less deference to the choice of forum of a United States citizen because the plaintiff is not a resident of Minnesota simply defies fairness and logic. Therefore we conclude that Kennecott is entitled to the same strong presumption in favor of its choice of Minnesota as its forum as would a Minnesota resident.

■ Turning now to the conditions of dismissal, we are forcefully instructed by the policy we enunciated in *Bergquist* that at a minimum plaintiff's procedural rights accruing as a result of having chosen Minnesota as its filing forum should not be lost by dismissal on the basis of *forum non conveniens*—an equitable principal based largely on the convenience of the parties and other considerations that in no way reflect on the right of the plaintiff to choose Minnesota as its forum for litigation. Although application of the *forum non conveniens* doctrine will rarely be conditioned on protecting a plaintiff from a change in the substantive law where those rights might be different in the alternative forum, with respect to the statute of limitations and other procedural law,[7] we hold that a dismissal based on *forum non conveniens* must be conditioned on the preservation of the benefits of those laws as were applicable

---

7. Although we have recognized that statutes of limitation have both substantive and procedural aspects, *State v. Johnson,* 514 N.W.2d 551, 554 (Minn.1994), we have consistently regarded statutes of limitation as primarily procedural laws.

*See City of Willmar v. Short–Elliott–Hendrickson, Inc.,* 512 N.W.2d 872, 875 (Minn.1994); *Calder v. City of Crystal,* 318 N.W.2d 838, 844 (Minn. 1982); *Klimmek v. Independent School District No. 487,* 299 N.W.2d 501, 502 (Minn.1980).

in Minnesota. Procedural rights of a party should not yield to convenience.

We therefore affirm the court of appeals decision modifying the conditional dismissal on *forum non conveniens* grounds.

Affirmed.

GILBERT, J., took no part in the consideration or decision of this case.