Daniel M. ANSELLO, Respondent,

v.

WISCONSIN CENTRAL, LTD. and
Discover Re Acclaim Risk
Management, Relators,

Essentia Health System, Intervenor.

A17-0340

Supreme Court of Minnesota.

Filed: August 9, 2017

Steven T. Moe, Petersen, Sage, Graves, Layman & Moe, P.A., Duluth, Minnesota, for respondent.

Krista L. Hiner, Larry J. Peterson, Peterson, Logren & Kilbury, P.A., Saint Paul, Minnesota, for relators.

## OPINION

GILDEA, Chief Justice.

This appeal arises from the compensation judge's dismissal of respondent Daniel Ansello's request for benefits under the Minnesota Workers' Compensation Act ("Minnesota Act"), Minn. Stat. ch. 176 (2016). The compensation judge concluded that the Longshore and Harbor Workers' Compensation Act ("Longshore Act"), 33 U.S.C. § 901-50 (2012), provided Ansello's exclusive remedy and that the case should be dismissed in any event under the doctrine of *forum non conveniens*. The Workers' Compensation Court of Appeals ("WCCA") reversed. Because we agree with the WCCA that the compensation judge has jurisdiction to hear the claims Ansello brought under the Minnesota Act and that the judge abused his discretion by dismissing Ansello's claims under the doctrine of *forum non conveniens*, we affirm.

## FACTS

At all times relevant to this appeal, Daniel Ansello was employed by Wisconsin Central, Ltd., and he lived and worked in Duluth. On January 29, 2006, Ansello suffered a low-back injury while working at the Duluth Ore Docks. At the time of his injury, Ansello was performing longshoreman work, which, as he describes it, involved loading and unloading ships at the port.

Ansello began medical treatment for his injury the day after his accident and had his first low-back surgery approximately 1 month later. Ansello was off work for about 8 months following the surgery. After returning to his longshoreman job, Ansello's back condition progressively worsened over the next few years and eventually led to a second low-back surgery on April 22, 2009. Ansello received indemnity and medical expense benefits under the Longshore Act from Wisconsin Central and its insurance carrier under the Longshore Act, Signal Mutual Indemnity Association, for all the medical treatment he received from the date of the injury through the second surgery and rehabilitation from that surgery.[1]

Ansello returned to work a year after his second surgery, but again his low-back symptoms worsened, and he aggravated his back in August 2014. The following month, Ansello underwent a third surgery. Signal Mutual denied payment for the third surgery based on an independent medical examiner's opinion that the surgery was not reasonable or necessary treatment. But Signal Mutual continued to pay for certain medical expenses following the third surgery, including periods of physical therapy.

On April 30, 2015, Ansello filed a request with the Minnesota Office of Administrative Hearings seeking payment of medical treatment expenses under the Minnesota Act from Wisconsin Central and its insurance carrier under the Minnesota Act, Discover Re Acclaim Risk

---

1. Signal Mutual is Wisconsin Central's insurance carrier under only the Longshore Act. A different insurer, Discover Re Acclaim Risk Management, is Wisconsin Central's insurance carrier under the Minnesota Act. As a result, Discover Re is the relevant insurer in this action.

Management (together, "relators"). Specifically, Ansello requested payment for expenses related to his third surgery, consequential treatments such as cervical and thoracic MRIs, and other out-of-pocket treatment expenses he incurred in connection with the third surgery.

The compensation judge dismissed Ansello's claims. Concluding that Ansello could not seek benefits under the Minnesota Act because the Longshore Act could fully compensate him, the judge dismissed Ansello's claims for lack of jurisdiction. The judge also invoked *sua sponte* the doctrine of *forum non conveniens*, reasoning that proceeding under the Longshore Act would provide a more convenient forum for Ansello's claims than Minnesota's workers' compensation courts.

The WCCA reversed. *Ansello v. Wis. Cent., Ltd.*, No. WC16-5949, 2017 WL 677232, at *5 (Minn. WCCA Feb. 10, 2017). The WCCA held that the compensation judge's dismissal for lack of jurisdiction was contrary to the law. *Id.* The WCCA also determined that the compensation judge lacked authority to dismiss Ansello's claims under the doctrine of *forum non conveniens*. *Id.* The WCCA further held that, even if the judge had this authority, the judge misapplied the law in concluding that the Minnesota workers' compensation courts were an inconvenient forum. *Id.* Relators filed a petition for a writ of certiorari challenging the WCCA's decision.

## ANALYSIS

On appeal, relators argue that the WCCA erred in concluding that the compensation judge had jurisdiction over Ansello's claims. And they contend that the WCCA erred in reversing the compensation judge's dismissal based on the doctrine of *forum non conveniens*.[2] To the extent these issues involve the interpretation of state or federal statutes, they present questions of law that we review de novo. *See Anderson v. Frontier Commc'ns*, 819 N.W.2d 143, 148 (Minn. 2012); *Reider v. Anoka-Hennepin Sch. Dist. No. 11*, 728 N.W.2d 246, 249 (Minn. 2007). But we review the question of whether the compensation judge properly applied the doctrine of *forum non conveniens* for an abuse of discretion. *See Bergquist v. Medtronic, Inc.*, 379 N.W.2d 508, 511-12 (Minn. 1986).

2. Relators also raise a new issue on appeal: whether an employee can simultaneously litigate claims for the same benefits under the Longshore Act and the Minnesota Act. Before Ansello appealed the compensation judge's decision to the WCCA, Ansello initiated an action under the Longshore Act. Ansello continues to pursue this action. Relators maintain that this federal action covers the same benefits Ansello requested before the Minnesota compensation judge, but the record lacks sufficient information to confirm this contention. Before the WCCA, relators asked to introduce evidence of Ansello's simultaneous pursuit of benefits under the Longshore Act, but the WCCA declined to consider the evidence. *Ansello*, 2017 WL 677272, at *3 n.18. The WCCA explained that it may not consider issues not raised and evidence that did not exist at the time of the hearing before the compensation judge. *Id.* We allowed relators to provide evidence of Ansello's simultaneous action to ensure a complete record. *Ansello v. Wis. Cent., Ltd.*, No. A17-0340, Order (Minn. filed Apr. 11, 2017).

Nevertheless, we decline to reach this issue. We typically do not consider issues that depend on facts that "are only tentatively developed." *Tarutis v. Comm'r of Revenue*, 393 N.W.2d 667, 670 (Minn. 1986). In this case, the record contains minimal information about Ansello's Longshore Act claim. In addition, we usually do not reach issues not argued before or considered by the courts below. *See Ly v. Nystrom*, 615 N.W.2d 302, 314 n.26 (Minn. 2000). The question of simultaneous litigation arose only after the compensation judge issued his determination, and it was not considered by the WCCA. As a result, the issue was not a basis for either of the decisions that we are tasked with reviewing.

## I.

■ We turn first to the question of whether the WCCA erred in concluding that the compensation judge has jurisdiction over the claims Ansello brought under the Minnesota Act. In essence, relators argue that the compensation judge lacked jurisdiction over these claims because the Longshore Act provides coverage for the claims. In other words, relators contend that Ansello may pursue benefits under the Minnesota Act only for injuries that the Longshore Act does not cover. Because Ansello obtained coverage for his back-injury expenses through his second surgery under the Longshore Act, relators argue, the Longshore Act is the only relief available to Ansello for coverage of the expenses from his third surgery. Relators contend, in effect, that Ansello elected his remedy and is bound by his election. Precedent from the United States Supreme Court and from our court compels us to reject these arguments.

The principal case addressing the intersection between the Longshore Act and state workers compensation law is *Sun Ship, Inc. v. Pennsylvania*, 447 U.S. 715, 100 S.Ct. 2432, 65 L.Ed.2d 458 (1980). In that case, the Court affirmed that there is concurrent jurisdiction between the Longshore Act and state workers' compensation laws for injuries covered under more than one law. *Id.* at 722, 100 S.Ct. 2432. The Court concluded that "a state may apply its workers' compensation scheme to land-based injuries that fall within the coverage of the [Longshore Act]." *Id.* at 716, 100 S.Ct. 2432; *see also Calbeck v. Travelers Ins. Co.*, 370 U.S. 114, 131, 82 S.Ct. 1196, 8 L.Ed.2d 368 (1962) (holding that accepting payment under a state scheme is not an election that precludes recovery under the federal scheme). Moreover, the Court noted that "there is no danger of double recovery under concurrent jurisdiction since employers' awards under one compensation scheme would be credited against any recovery under the second scheme." *Sun Ship*, 447 U.S. at 725 n.8, 100 S.Ct. 2432 (citing *Calbeck*, 370 U.S. at 131, 82 S.Ct. 1196).

We reached a similar conclusion in *Jacobson v. Duluth, Missabe & Iron Range Ry.*, 458 N.W.2d 107 (Minn. 1990). In *Jacobson*, we relied on *Sun Ship* to conclude that an employee could be eligible to receive both Longshore Act and Minnesota Act benefits. *Id.* at 110-11 (concluding that, because Longshore Act benefits are concurrent, the Longshore Act does not fall within the provision of the Minnesota Act denying benefits to persons covered by the Federal Employers' Liability Act or "other comparable law").

Relators' argument that Ansello is limited to receiving benefits under the Longshore Act cannot be squared with *Sun Ship* or *Jacobson*. These cases confirm that the extension of *coverage* under the Longshore Act "supplements, rather than supplants, state compensation law." *Sun Ship*, 447 U.S. at 720, 100 S.Ct. 2432; *see Jacobson*, 458 N.W.2d at 110 ("The *Sun Ship* court described [Longshore Act] benefits as supplementing state compensation systems rather than supplanting them.").

In urging us to reach the opposite conclusion, relators contend that even if the language in *Sun Ship* and *Jacobson* is broad, the cases themselves involved employees that moved between federal and state remedies only to seek unique benefits. This observation is true of *Jacobson*, in which the employee turned from the Longshore Act to the Minnesota Act to claim permanent partial disability benefits that were not available under the Longshore Act. 458 N.W.2d at 108. Even in that context, however, we suggested that an injured employee could seek benefits under both the state and federal schemes.

We stated that, under federal law, "depending on the facts of the particular injury, an employee could be eligible for receipt of both [Longshore Act] and state benefits." *Id.* at 110. And we acknowledged in a footnote that although we had not specifically addressed the issue of concurrent state and Longshore Act benefits, we had allowed successive awards from other states. *Id.* at 110 n.5; *see Pierce v. Robert D. Pierce, Ltd.,* 363 N.W.2d 761, 762-63 (Minn. 1985) (allowing an employee to receive benefits in Minnesota after receiving similar benefits for treatment of the same injury from a former employer in Alaska).

■ Moreover, *Sun Ship* provides no indication that the employees in that case sought unique benefits under the state act. 447 U.S. at 716, 100 S.Ct. 2432. To the contrary, *Sun Ship* specifically contemplates that an employee might pursue benefits for the same injury under both state and federal law. *Id.* at 724, 100 S.Ct. 2432 ("[W]orkers who commence their actions under state law will generally be able to make up the difference between state and federal benefit levels by seeking relief under the Longshore[ ] Act."). Other federal cases confirm that the state and federal remedies are complementary. *See Landry v. Carlson Mooring Serv.,* 643 F.2d 1080, 1087 (5th Cir. 1981) (determining that the Longshore Act and state workers' compensation claims "are not mutually exclusive, but, rather, are complementary remedies which may be pursued successively by the litigant"); *Wallace v. Ryan-Walsh Stevedoring Co.,* 708 F.Supp. 144, 154 (E.D. Tex. 1989) (concluding that the jurisprudence in this area is "unequivocally clear that the election of remedies doctrine is inapplicable because ... federal and state remedies are concurrently available and are therefore not irreconcilable").[3] *See generally* 14 Arthur Larson et al., *Larson's Workers' Compensation Law* § 145.07(5) (2016) (noting that state and Longshore benefits are complementary, not inconsistent).[4]

Finally, relators argue that policy concerns, such as the possibility of duplicative litigation, inconsistent results, or delay in employees' receipt of benefits, favor the dismissal of Ansello's Minnesota workers' compensation claims. But such policy considerations are best addressed by the Legislature. *See Stand Up Multipositional Advantage MRI, P.A. v. Am. Family Ins. Co.,* 889 N.W.2d 543, 551 (Minn. 2017). Unlike some states,[5] the Minnesota Act does not contain a provision that prohibits an employee from receiving compensation under state law if the employee's injury is also covered by the Longshore Act. The Minnesota Act does include a provision on election of remedies for employees who work primarily outside of Minnesota but are injured in Minnesota. Minn. Stat. § 176.041, subd. 4. The provision states that the injury will be covered by the Minnesota Act only if the employee does not pursue workers' compensation claims

---

3. Relators argue that in *Wallace,* the employee pursued a "unique state claim" for retaliatory discharge. But the court in *Wallace* expressly notes that the state claim had a federal counterpart, and the employee was free to choose between the two. 708 F.Supp. at 155.

4. In their briefing, relators appeared to pursue an election-of-remedies theory. This doctrine requires a party to pick "one of two or more coexisting and inconsistent remedies."

*Christensen v. Eggen,* 577 N.W.2d 221, 224 (Minn. 1998) (citation omitted) (internal quotation marks omitted). At oral argument, relators conceded that *Sun Ship* and *Jacobson* preclude application of this theory.

5. *See* La. Stat. Ann. § 23:1035.2 (2010); N.J. Stat. Ann. § 34:15-36 (West 2011); Ohio Rev. Code Ann. § 4123.54(I) (LexisNexis 2016 & Supp. 2017).

in another state. *Id.* Relators argue that this same rule should apply to Ansello: he may only pursue Minnesota benefits if he forgoes benefits under the Longshore Act. But the language of this provision is expressly limited to workers' compensation benefits received from other states. Nothing in the Minnesota Act extends this rule to the Longshore Act and *Jacobson* specifically states that jurisdiction runs concurrently. *See* 458 N.W.2d at 110. For all of these reasons, we hold that the compensation judge has jurisdiction to hear Ansello's Minnesota workers' compensation claims.

## II.

■■■ We turn next to relators' contention that the compensation judge properly dismissed Ansello's claims on the theory of *forum non conveniens. See Ansello,* 2017 WL 677232, at *5. Under the *forum non conveniens* doctrine, a court may decline to exercise jurisdiction over a cause of action when it would be "more equitable to have the case tried in another available court of competent jurisdiction." *Kennecott Holdings Corp. v. Liberty Mut. Ins. Co.,* 578 N.W.2d 358, 360 (Minn. 1998) (citation omitted) (internal quotation marks omitted). In determining whether a forum is inconvenient, courts balance private interest factors, such as the interests of litigants, ease of access to sources of proof, and any obstacles to a fair trial; with public interest factors, such as administrative difficulties and the "local interest in having localized controversies decided at home." *See Bergquist,* 379 N.W.2d at 511 n.4 (quoting *Gulf Oil Corp. v. Gilbert,* 330 U.S.

501, 509, 67 S.Ct. 839, 91 L.Ed. 1055 (1947)). Because application of this doctrine is committed to the discretion of the trial court, we review the compensation judge's decision for an abuse of discretion. *Id.* at 511-12. Judges abuse their discretion in this context when they make an erroneous legal conclusion or a clearly erroneous factual conclusion. *See Paulownia Plantations de Panama Corp. v. Rajamannan,* 793 N.W.2d 128, 133 (Minn. 2009).[6]

As an initial matter, the doctrine of *forum non conveniens* does not appear to be the appropriate theory here. Usually, the doctrine is invoked when the two possible fora are across borders. *See* 14D Charles Alan Wright et al., Federal Practice and Procedure § 3828 (4th ed. 2017) (explaining that the doctrine usually applies when the other forum is in a foreign country, and, in providing examples of the rare circumstances in which the choice is between a federal and a state forum, only citing examples in which the two fora are in different states). In our most recent discussion of the doctrine, for example, we considered a Minnesota state forum versus a forum in Panama. *Paulownia,* 793 N.W.2d at 130. In fact, in every case in which we have considered *forum non conveniens,* the two fora were in different states or in different nations. Some courts have even held that *forum non conveniens* does not apply when the two fora are located in the "same place." *See, e.g., Park v. Didden,* 695 F.2d 626, 633 (D.C. Cir. 1982). In this case, Ansello contends that the choice is between a Minnesota compensation judge in Duluth and a federal compensation judge traveling to hear the case

**6.** The WCCA held that the compensation judge had no authority to invoke the *forum non conveniens* doctrine because the doctrine is based in equity. *Ansello,* 2017 WL 677232, at *5. Relators contend that the WCCA erroneously concluded that the compensation judge lacked authority to invoke the *forum non conveniens* doctrine because Ansello did not argue to the WCCA that the compensation judge lacked such authority. We need not reach this issue because, even assuming that the compensation judge had the power to invoke the *forum non conveniens* doctrine, as we explain below the compensation judge abused its discretion in dismissing the claims.

in Duluth. Applying *forum non conveniens* in these circumstances would be atypical.

Even assuming the compensation judge had the authority to dismiss Ansello's claims on *forum non conveniens* grounds,[7] the judge's conclusion that Minnesota is an inconvenient forum is an abuse of discretion because it is contrary to the law. The compensation judge determined that there is not "a single factor in favor of employee's claim being litigated in the Minnesota Workers' Compensation system except employee's belief that his claim can be more expeditiously handled." The judge also concluded that the Minnesota compensation courts were inconvenient because of the "administrative difficulties" of litigating Ansello's claims. In particular, the judge noted the possibility that the employers' two insurers may dispute which is responsible for certain benefits and the fact that the records of Ansello's previous benefits are filed in the Longshore Act forum.

■■■■■ The compensation judge erroneously failed to take into account the strong presumption established by the case law in favor of the plaintiff's choice of forum. *See Gulf Oil*, 330 U.S. at 508, 67 S.Ct. 839; *Bergquist*, 379 N.W.2d at 511. The defendant bears a "heavy burden" in opposing the plaintiff's choice of forum. *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430, 127 S.Ct. 1184, 167 L.Ed.2d 15 (2007). This presumption is especially strong where, as here, the plaintiff is a resident of the chosen forum. *See Bergquist*, 379 N.W.2d at 512. And Ansello's desire for expediency is a legitimate private interest factor. *See id.* at 511 n.4 (quoting *Gulf Oil*, 330 U.S. at 508, 67 S.Ct. 839).

■■■ The administrative difficulties relied on by the compensation judge are insufficient to rebut the presumption in favor of Ansello's choice of forum. As the United States Supreme Court noted in *Sun Ship*, the differences in the federal and state compensation systems do not give rise to a conflict that, for the employer, means that one compensation system must be exclusive. 447 U.S. at 725, 100 S.Ct. 2432. The fact that Wisconsin Central has different insurance carriers for the federal versus the state fora is irrelevant under the principles discussed in *Sun Ship* and *Jacobson*. Ansello's claims before the Minnesota workers' compensation court seek only payment of medical benefits under Minnesota law. Allowing the type of administrative difficulties the compensation judge identified to outweigh an employee's choice of forum would essentially create an election of remedies exclusion and would conflict with our analysis and conclusion on the jurisdiction issue above. Because there is no persuasive basis to exclude a Minnesota resident who was injured in Minnesota and is covered by the Minnesota Act from pursuing benefits in Minnesota's workers' compensation courts, we hold that the compensation judge abused his discretion in dismissing Ansello's claims on *forum non conveniens* grounds.

## CONCLUSION

For the foregoing reasons, we affirm the decision of the WCCA.

Affirmed.

---

**7.** Relators argue that even if the Minnesota Act does not allow the compensation judge to dismiss Ansello's claims on the basis of *forum non conveniens*, we should use our power under Minn. Stat. § 176.471, subd. 10 ("The Supreme Court may adopt rules which are consistent with this chapter...."), to adopt a rule allowing the dismissal. We decline relators' invitation.