Jonathan L. R. Drewes, Drewes Law, PLLC, Minneapolis, Minnesota (for appellant)
John G. Westrick, Savage Westrick, P.L.L.P., Bloomington, Minnesota (for respondent)
Considered and decided by Rodenberg, Presiding Judge; Reilly, Judge; and Bratvold, Judge.
RODENBERG, Judge *52 Appellant Hannah Levine appeals the district court's sua sponte dismissal without prejudice of her FDCPA claim against respondent Bayview Loan Servicing LLC, arguing that, because the district court is a court of competent jurisdiction to decide FDCPA claims and because the FDCPA permits appellant to select her forum, the district court erred when it dismissed her complaint. We reverse and remand.
FACTS
The facts pertinent to this appeal are substantially undisputed. Appellant and J.T. owned a home that was encumbered by a home-mortgage loan serviced by CitiMortgage Inc. Appellant and J.T. filed for chapter 13 bankruptcy protection in January 2011 and proposed a chapter 13 workout plan that same day. The plan was confirmed by the United States Bankruptcy Court (bankruptcy court) in April 2011. The workout plan was completed by May 2016, at which time the bankruptcy court ordered, "[t]he debtors in the above case are discharged from all debts dischargeable under 11 U.S.C. § 1328(a)."
The chapter 13 plan confirmed by the bankruptcy court includes the following language:
5. CLAIMS NOT IN DEFAULT-Payments on the following claims are current and the debtor will pay the payments that come due after the date the petition was filed directly to the creditors.
The claims not in default included the CitiMortgage-serviced mortgage loan encumbering appellant's homestead. After the chapter 13 plan was confirmed, the mortgage loan went into default. Respondent began servicing the loan around August 2016. Respondent reported negative credit information to TransUnion, Equifax, and Experian, including the home-mortgage debt, the balance of it, and the amounts claimed to be past due.
Appellant sued in Hennepin County District Court, alleging that respondent violated the FDCPA by reporting the debt as respondent did, and that respondent's actions amounted to debt collection after the discharge in bankruptcy. Appellant moved the district court for partial summary judgment, arguing that appellant's personal obligation to pay the loan serviced by respondent had been discharged by the United States Bankruptcy Court. The district court denied appellant's motion for partial summary judgment and dismissed appellant's claims without prejudice sua sponte because "the United States Bankruptcy Court is the most appropriate venue."
This appeal followed.
ISSUES
I. Is the district court a court of competent jurisdiction to decide FDCPA claims?
II. Did the district court properly dismiss appellant's complaint?
ANALYSIS
I. The district court is a court of competent jurisdiction to decide FDCPA claims.
An action to enforce any liability under the FDCPA "may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction within one year from the date *53 on which the violation occurs." 15 U.S.C. § 1692k(d) (2012) (emphasis added). "A plaintiff may sue a debt collector for FDCPA violations in federal or state court and recover actual damages, statutory damages, attorney fees, and costs." Randall v. Paul , 897 N.W.2d 842, 845 (Minn. App. 2017) ; see Peterson v. United Accounts, Inc. , 638 F.2d 1134, 1135-36 (8th Cir. 1981) (concluding that a state court is a court of competent jurisdiction under the FDCPA). State courts are competent to adjudicate claims arising under the laws of the United States unless Congress expressly provides otherwise. Tafflin v. Levitt , 493 U.S. 455, 458-59, 110 S.Ct. 792, 795, 107 L.Ed.2d 887 (1990).
The Minnesota district court is a "court of competent jurisdiction" to decide cases under the FDCPA.
II. The district court erroneously dismissed appellant's complaint.
Appellant argues that the district court erred by dismissing her complaint sua sponte.
The district court's reasoning for the sua sponte dismissal is not entirely clear. It said only that "[t]his matter is more appropriately before the United States Bankruptcy Court where there exists a tangible interest to enforce the order in question" and that the bankruptcy court could "better define this point of law."
Leaving aside for the moment that the district court did not have before it any motion to dismiss, and acted sua sponte, the district court seems not to have considered appellant's choice to seek redress under the FDCPA instead of returning to bankruptcy court. See Engelby v. I.C. Sys., Inc. , No. 17-CV-0296, 2018 WL 1514246, at *3 (D. Minn. Mar. 27, 2018) (explaining that debtor could have sought relief either under the bankruptcy code for violation of automatic stay and sought contempt remedy, or could have sued under FDCPA for making false representation concerning the character, amount, or legal status of a debt). The federal circuits are split concerning whether an FDCPA claim for damages may be premised on a violation of a bankruptcy-court stay order. Compare In re Dubois , 834 F.3d 522, 527-28 (4th Cir. 2016), Simon v. FIA Card Servs., N.A. , 732 F.3d 259, 271 (3d Cir. 2013), and Randolph v. IMBS, Inc. , 368 F.3d 726, 730 (7th Cir. 2004) (concluding that the bankruptcy code does not preclude a debtor from filing suit under the FDCPA for the false representation of a debt after discharge in bankruptcy had occurred), with Simmons v. Roundup Funding, LLC , 622 F.3d 93, 95 (2d Cir. 2010), and Walls v. Wells Fargo Bank, N.A. , 276 F.3d 502, 510-11 (9th Cir. 2002) (holding that debtor's remedy for alleged violations of discharge injunction is found under bankruptcy code, so debtor could not also pursue claim under FDCPA). But the district court's sua sponte dismissal, implicitly adopting what appears to be the minority view concerning this issue, afforded appellant no opportunity to be heard on the question.
If appellant brought her claim to the bankruptcy court for violation of its order(s), she would need to demonstrate by clear and convincing evidence that respondent knowingly violated the discharge injunction, and was therefore in contempt of court. In re Legassick , 528 B.R. 777, 781 (Bankr. N.D. Iowa 2015) ;[1] see 11 U.S.C. § 524(a)(2) (2012) (providing that discharge of debt in bankruptcy proceeding operates as injunction against attempt to collect, recover, or offset any such debt as *54 a personal liability of debtor); 11 U.S.C. § 362(k)(1) (2012) (providing damages to an individual injured by any "willful violation" of a bankruptcy-related stay); In re Emmons , 349 B.R. 780, 793 (Bankr. W.D. Mo. 2006) ("[W]illfull violations of the discharge injunction are punishable by contempt."). But appellant sued under the FDCPA, which contains a strict-liability provision authorizing an award of damages upon the plaintiff demonstrating that the defendant made a "false representation of ... the character, amount, or legal status of any debt." 15 U.S.C. § 1692e(2)(A) (2012) ; Randolph , 368 F.3d at 730 ("[ Section] 1692e(2)(A) creates a strict-liability rule. Debt collectors may not make false claims, period."). The district court's sua sponte dismissal deprived appellant of her selected forum and of the availability of the strict-liability provision of the FDCPA.
There are several theories under which a district court may, when it has jurisdiction, dismiss a case without prejudice. None of those circumstances exist here.
A. Involuntary Dismissal under Minn. R. Civ. P. 41.02
A district court may dismiss a case on its own initiative under Minn. R. Civ. P. 41.02(a)"for failure to prosecute or to comply with these rules or any order of the court." The purpose of the rule is "to let the [district] court manage its docket and eliminate delays and obstructionist tactics by use of the sanction of dismissal." Lampert Lumber Co. v. Joyce , 405 N.W.2d 423, 425 (Minn. 1987).[2] Minn. R. Civ. P. 41.02(a) has no application here.
B. Forum Non Conveniens
Forum non conveniens is an equitable doctrine whereby a court may, in its discretion, "decline jurisdiction over transitory causes of action brought by nonresident citizens or noncitizens of this state when it fairly appears that it would be more equitable to have the case tried in another available court of competent jurisdiction."[3] Hague v. Allstate Ins. Co. , 289 N.W.2d 43, 45 (Minn. 1978), aff'd , 449 U.S. 302, 101 S.Ct. 633, 66 L.Ed.2d 521 (1981) ; see Jack H. Friedenthal et al., Civil Procedure § 2.17, at 87 (5th ed. 2015) (stating that the doctrine of forum non conveniens allows a court to exercise its discretion to avoid the oppression or vexation that might result from automatically honoring a plaintiff's forum choice, but a dismissal on such basis also requires that there be an alternative forum in which the suit can be prosecuted). "Dismissal on the basis of the doctrine of forum non conveniens may be appropriate where the exercise of personal jurisdiction imposes a hardship that does not rise to the level of a due-process violation." Behm v. John Nuveen & Co., Inc. , 555 N.W.2d 301, 308 (Minn. App. 1996) (quotation omitted). The remedy is an equitable one, and we review a district court's determination for an abuse of discretion. Id.
Although not expressly relied on by the district court, the forum non conveniens doctrine comes closest to warranting a decision to decline jurisdiction in this circumstance. But the doctrine has no application here for at least four reasons.
*55 First, dismissal of an action on grounds of forum non conveniens must be on conditions that protect a plaintiff's Minnesota procedural rights, which includes statutes of limitations. Kennecott Holdings Corp. v. Liberty Mut. Ins. Co. , 578 N.W.2d 358, 361-62 (Minn. 1998) ; cf. Friedenthal et al., supra , at 89 ("Forum non conveniens often is too blunt an instrument to permit frequent use for domestic parties, especially when the dismissal of plaintiff's claim will bar relief completely because the statute of limitations has run while the action is pending in the inconvenient forum."). A claim premised on an FDCPA violation must be brought "within one year from the date on which the violation occurs." 15 U.S.C. § 1692k (d). The FDCPA's statute of limitations is jurisdictional and not subject to waiver, estoppel, or equitable tolling. See Ness v. Gurstel Chargo, P.A. , 933 F.Supp.2d 1156, 1165 (D. Minn. 2013) (citing Mattson v. U.S. W. Commc'ns, Inc. , 967 F.2d 259, 262 (8th Cir. 1992) ). Dismissing appellant's FDCPA claim, even without prejudice, risks appellant's claim being time-barred by the one-year statute of limitations.
Here, the parties agree that the alleged reporting violation occurred in or before August of 2016, which would provide appellant until August of 2017 to bring an FDCPA claim. The district court dismissed appellant's case in March 2018. If appellant were to sue under the FDCPA now, the claim would be dismissed as untimely. At oral argument, respondent's counsel indicated a willingness to refrain from making this argument in later proceedings should we affirm the district court. But, as noted, waiver is not available here. See Carlton v. State , 816 N.W.2d 590, 601 (Minn. 2012) (explaining that a court lacks jurisdiction to hear an untimely claim when compliance with the time period is a condition of the statutory right).
Second, the forum non conveniens doctrine is usually invoked when the two possible fora are across borders. Ansello v. Wis. Cent., Ltd. , 900 N.W.2d 167, 173 (Minn. 2017) (citing 14D Charles Alan Wright et al., Federal Practice and Procedure § 3828 (4th ed. 2013) (explaining that forum non conveniens generally applies where the other forum is a foreign country, and in the rare circumstances in which the choice is between a federal and a state forum, only citing examples in which the two fora are in different states)). In Ansello , the Minnesota Supreme Court noted that, in every case in which it has considered the doctrine, the two fora were in different states or different nations. Id. ; cf. Park v. Didden , 695 F.2d 626, 633 (D.C. Cir. 1982) (stating that forum non conveniens does not apply when the two fora are located in the same place). Here, the two fora are not in different states or different nations.
Third, the district court did not undertake the analysis necessary to apply the forum non conveniens doctrine. In determining whether a forum is inconvenient, courts are to balance private interest factors (such as the interests of litigants, ease of access to sources of proof, and any obstacles to a fair trial) with public interest factors (such as administrative difficulties and the local interest). Ansello , 900 N.W.2d at 173. The district court here made no mention of any factors other than that the bankruptcy court has a "tangible interest to enforce the order in question."[4]
*56 Lastly, there is a strong presumption in favor of a plaintiff's choice of forum. Bergquist v. Medtronic, Inc. , 379 N.W.2d 508, 511 (Minn. 1986) ; see also Gulf Oil Corp. v. Gilbert , 330 U.S. 501, 508, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947) (explaining that unless the balance of several factors weighs strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed). Some states have gone so far as to hold that the doctrine cannot be successfully invoked when the plaintiff is a resident of the forum state because one of the functions of the state courts is to provide a tribunal in which their residents can obtain an adjudication of their grievances. Friedenthal, supra , § 2.17, at 88. As discussed, appellant is entitled to choose between seeking redress under the bankruptcy code or under the FDCPA. Engelby , 2018 WL 1514246, at *3.
C. Concurrent Jurisdiction, First to File, and Comity
Respondent argues that the district court could have declined to exercise jurisdiction under comity principles. Generally, where two courts have concurrent jurisdiction, the first to acquire jurisdiction has priority to decide the case. Medtronic, Inc. v. Advanced Bionics Corp. , 630 N.W.2d 438, 448-49 (Minn. App. 2001). The first-to-file rule is not a rigid rule, but a principle to be applied flexibly as "a blend of courtesy and expediency." Id. at 449 (quotation omitted). In determining whether to defer to another court, judicial economy, comity between courts, and the cost to and convenience of the litigants are proper considerations. Id. "Judicial comity is the respect a court of one state or jurisdiction shows to another state or jurisdiction in giving effect to the other's laws and judicial decisions." Id. (quotation omitted). Judicial comity is a principle taken into account when addressing whether to apply the first-to-file rule when concurrent jurisdiction exists, rather than an independent ground to decline jurisdiction. Id.
"Whether a particular claim is barred by an order of discharge or survives under the provisions of [the bankruptcy code], is not a matter with the exclusive jurisdiction of the Bankruptcy Court but may be decided by any court having jurisdiction of the subject matter of the claim and of the parties." Otte v. Cooks, Inc. , 113 F.Supp. 861, 862 (D. Minn. 1953). And while the bankruptcy court retains jurisdiction to enforce its own orders, a bankruptcy court's jurisdiction is conferred and limited by statute to proceedings arising under title 11 of the United States Code. Koehler v. Grant , 213 B.R. 567, 569 (8th Cir. B.A.P. 1997) ; see also Port Auth. v. Harstad , 531 N.W.2d 496, 499 (Minn. App. 1995) (determining that bankruptcy court was divested of jurisdiction after the bankruptcy case closed), review denied (Minn. June 14, 1995).
Because appellant's bankruptcy case is closed, and appellant sought redress under the FDCPA rather than under the bankruptcy code, concurrent-jurisdiction and first-to-file principles have no application here. Whether appellant can prove an FDCPA violation remains to be seen, but she is entitled to try in her chosen forum.
D. Abstention
Respondent also argues that the district court could have properly declined to exercise jurisdiction under the abstention doctrine (and related comity principles) in accordance with Gavle v. Little Six, Inc. , 555 N.W.2d 284, 290 (Minn. 1996). Abstention is a "narrow exception to the duty of a District Court to adjudicate a controversy properly before it."
*57 Colo. River Water Conservation Dist. v. United States , 424 U.S. 800, 813, 96 S.Ct. 1236, 1244, 47 L.Ed.2d 483 (1976). Abstention is appropriate in limited circumstances, such as in cases presenting a federal constitutional issue which might be improper or moot, given the anticipated outcome of state proceedings. Id. at 814, 96 S.Ct. at 1244 ; see also Sprint Commc'ns, Inc. v. Jacobs , 571 U.S. 69, 134 S.Ct. 584, 588, 187 L.Ed.2d 505 (2013) (explaining that the Supreme Court has stressed that federal courts should abstain from exercising jurisdiction only in "exceptional" circumstances).
Abstention is a federal-court doctrine; a state court has limited power to refuse to decide a case that falls within its jurisdiction. See Samuel P. Jordan, Reverse Abstention , 92 B.U. L. Rev. 1771, 1772-73 (2012) (explaining that where a state court has to decide claims involving the law of a sister state, doctrines such as choice of law and forum non conveniens provide avenues to ameliorate concerns that might otherwise result in adjudicating claims based on the law of, or involving interests of, a sister state or its residents. When a state court is faced with a question of federal law, however, "states are obligated to decide the federal claim and often to apply federal procedures, even if it is burdensome to do so").
In Gavle , the supreme court noted that: (1) the choice of tribunal in which to bring the matter is ordinarily left to the person bringing the matter to court, (2) where concurrent jurisdiction exists, the proceedings of one court will usually be stayed or dismissed through the abstention doctrine, and (3) comity between courts will resolve other instances where two actions are brought in different courts having concurrent jurisdiction, allowing the court that first acquires jurisdiction to dispose of the whole controversy. Gavle , 555 N.W.2d at 290. We are aware of no reported cases in which a Minnesota state court has declined to exercise jurisdiction under the abstention doctrine.
Despite Gavle 's suggestion that there could be circumstances where a state court might invoke the abstention doctrine, Gavle contemplated deferring jurisdiction to a tribal court in light of issues concerning tribal sovereignty and United States Supreme Court precedent prohibiting courts from "infring[ing] on the right of the Indians to govern themselves." 555 N.W.2d at 289 (quoting Williams v. Lee , 358 U.S. 217, 223, 79 S.Ct. 269, 272, 3 L.Ed.2d 251 (1959) ). The same justifications do not exist for a state court to decline jurisdiction because a federal court may be a more "appropriate" forum to decide the case. Declining jurisdiction in the present circumstance cannot be justified by the difficulty of the legal question presented. In federal court, where the abstention doctrine exists and is employed, the mere fact that a case presents difficult questions of state law is not a sufficient ground for abstention. Meredith v. City of Winter Haven , 320 U.S. 228, 237-38, 64 S.Ct. 7, 12, 88 L.Ed. 9 (1943). And Minnesota courts are capable of interpreting the laws of other jurisdictions. E.g. , Hague , 289 N.W.2d at 49 (stating that the supreme court is capable of interpreting a Wisconsin statute).
The district court explained that, because federal courts are split on the issue of whether an FDCPA claim is available when a discharge-injunction violation is alleged, the issue "is left to the U.S. Bankruptcy Court to better define this point of law and to clarify whether [respondent] has violated the order in this matter." Respondent asserts that the district court would be creating new precedent if it were *58 to decide this issue because the federal circuits are split on it. Specifically, respondent stresses that the undecided issues are complex and disputed bankruptcy issues for which the state district court is not well-suited by familiarity and expertise.[5] Respondent fails to demonstrate why state courts should refrain from deciding complex or unsettled issues of federal law. See Long v. Long , 413 N.W.2d 863, 866-67 (Minn. App. 1987) (rejecting appellant's argument that only a bankruptcy court can determine whether a debt is exempt from discharge by stating, "state courts can and do apply federal law"). The Supreme Court has explained, "This Court has long made clear that federal law is as much the law of the several States as are the laws passed by their legislatures." Haywood v. Drown , 556 U.S. 729, 734, 129 S.Ct. 2108, 2114, 173 L.Ed.2d 920 (2009).
The district court had a duty to adjudicate the issue in a case properly before it. In Mondou v. N.Y., New Haven & Hartford R.R. , the Supreme Court stated that "the existence of the jurisdiction creates an implication of duty to exercise it, and that its exercise may be onerous does not militate against that implication." 223 U.S. 1, 58, 32 S.Ct. 169, 178, 56 L.Ed. 327 (1912). There, the Supreme Court explained that the Connecticut state court's proffered reason for its failure to exercise jurisdiction-that doing so would be attended by inconvenience or confusion-was not a valid basis to decline jurisdiction of the federal action. Id. ; see Howlett by Howlett v. Rose , 496 U.S. 356, 373, 110 S.Ct. 2430, 2441, 110 L.Ed.2d 332 (1990) (citing relevant aspects of Mondou with approval). The abstention doctrine does not justify the district court's dismissal without prejudice.
We express no opinion concerning the merits of appellant's claim, but we hold that the district court is competent to adjudicate appellant's FDCPA claim, interpret orders of the United States Bankruptcy Court, and decide issues of federal law. Given appellant's choice of state district court as the forum for her claim under the FDCPA, the district court must exercise its jurisdiction.
DECISION
The district court's sua sponte dismissal of appellant's complaint without prejudice was error. Minnesota district courts are competent to adjudicate FDCPA claims, and nothing in this record warrants the district court's sua sponte dismissal of such a claim.
Reversed and remanded.

The judgment in Legassick was later amended on other grounds in a way that does not impact our analysis. See In re Legassick , 534 B.R. 362 (Bankr. N.D. Iowa 2015).

At the time Lampert was decided, the rule was identified as rule 41.02(1).

A "transitory" cause of action is one which could have theoretically arisen anywhere; in contrast, a "local" action is one which typically concerns a particular piece of property located within a given region and therefore deemed peculiarly "local." See William H. Wicker, The Development of the Distinction Between Local and Transitory Actions , 4 Tenn. L. Rev. 55 (1925).

Even if the district court were to have analyzed these factors, it appears that the analysis would favor retaining the case in state district court because the bankruptcy court does not have a local interest and it is not at all clear that it has subject-matter jurisdiction over appellant's FDCPA claim.

Respondent cites Florance v. Mercantile Bank of Dallas (In re Florance Trust) , where the supreme court stated that "if deciding the remaining issues of this case involves making new important precedent in fundamental or complex aspects of Texas property and trust law, then we think Minnesota should seriously consider declining jurisdiction."360 N.W.2d 626, 631 (Minn. 1985). Florance , however, was a forum non conveniens case, one in which the case had already been filed in Texas courts, and the issue of resolving Texas law was one of several factors the district court was instructed to consider on remand in determining whether to exercise jurisdiction. Id.