■ ZULEMA BLAIR, Respondent, v JACK METH et al., Appellants, et al., Defendant. [977 NYS2d 318]—

In an action to recover damages for defamation, the defendants Jack Meth and Americare Certified, Inc., appeal from an order of the Supreme Court, Kings County (Bunyan, J.), dated January 23, 2013, which denied their motion pursuant to CPLR 3211 (a) to dismiss the complaint insofar as asserted against them.

Ordered that the order is reversed, on the law, with costs, and the motion of the defendants Jack Meth and Americare Certified, Inc., pursuant to CPLR 3211 (a) to dismiss the complaint insofar as asserted against them is granted.

The plaintiff commenced this action to recover damages for defamation against, among others, the defendants Jack Meth and Americare Certified, Inc. (hereinafter together the moving defendants). The Supreme Court should have granted the moving defendants' motion pursuant to CPLR 3211 (a) to dismiss the complaint insofar as asserted against them. The moving defendants were not properly served with process, as the summons was only mailed to them (see CPLR 308, 311, 3211 [a] [8]; Business Corporation Law §§ 306, 307). In any event, the statute of limitations for an action to recover damages for defamation is one year (see CPLR 215 [3]), measured from the date of publication of the allegedly defamatory statement (see Nussenzweig v diCorcia, 9 NY3d 184, 188 [2007]; Sethi v Morrissey, 105 AD3d 833, 834 [2013]). The plaintiff commenced this action on December 5, 2011, more than one year after December 2, 2010, the date that the allegedly defamatory statement was published. Accordingly, the complaint insofar as asserted against the moving defendants was barred by the statute of limitations (see CPLR 3211 [a] [5]).

In light of the foregoing, we need not reach the moving defendants' remaining contention. Skelos, J.P., Balkin, Lott and Hinds-Radix, JJ., concur.