*Militinska-Lake v. Kirnon*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of November, two thousand twenty-three.

PRESENT:  JOSÉ A. CABRANES,
                SARAH A. L. MERRIAM,
                   *Circuit Judges*,
                JENNIFER L. ROCHON,
                   *District Judge.*\*

_____

OLENA MILITINSKA-LAKE, an individual and a Senior Auditor of Department of Public Service, New York State,

           *Plaintiff-Appellant*,

       v.

                                        22-2667-cv

ELATISHA KIRNON, in her individual and official capacity of Chief Diversity Officer for Governor Office of Employees Relations, NY; DORIS STOUT, in her individual and former

_____

\* Judge Jennifer L. Rochon of the United States District Court for the Southern District of New York, sitting by designation.

official capacity of Director of OAAF, DPS, State of New York; JOHN SCHERER, in his individual and former official capacity of Deputy Director of OAAF, DPS, State of New York; TIMOTHY CANTY, sued in his individual and official capacity of Deputy Director of OAAF, DPS, State of New York; CHRISTINE F. BALLEAU, in her individual and official capacity of Director of Human Resources, DPS, State of New York; THOMAS CONGDON, in his individual and official capacity of Deputy Chair and Executive Deputy of DPS, State of New York; DEPARTMENT OF PUBLIC SERVICES, DPS, State of New York; STATE OF NEW YORK; NEW YORK STATE OFFICE OF THE COMPTROLLER: DIVISION OF LEGAL SERVICES, INVESTIGATIONS UNIT; NEW YORK STATE PUBLIC SERVICE COMMISSION,

*Defendants-Appellees.*[**]

_____

| | |
|---|---|
| FOR PLAINTIFF-APPELLANT: | OLENA MILITINSKA-LAKE, *pro se*, Albany, NY. |
| FOR DEFENDANTS-APPELLEES: | JOSEPH M. SPADOLA, Assistant Solicitor General (Barbara D. Underwood, Solicitor General, Andrea Oser, Deputy Solicitor General, *on the brief*), *for* Letitia James, Attorney General State of New York, Albany, NY. |

Appeal from a September 12, 2022, judgment of the United States District Court for the Northern District of New York (McAvoy, J.).

_____

[**] The Clerk of Court is directed to amend the case caption as set forth above.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Plaintiff-appellant Olena Militinska-Lake, proceeding pro se, appeals from the dismissal of her complaints alleging, among other things, violation of her constitutional rights to procedural due process and free speech, employment discrimination, retaliation, and defamation. Militinska-Lake, a senior auditor employed by the Department of Public Service (DPS), alleges that DPS and certain of its employees took adverse employment actions against her by denying her promotions, suspending her for using a Russian word DPS officials deemed offensive during a meeting, giving her negative evaluations, refusing to implement her auditing strategies, not addressing her complaints regarding her coworkers' discriminatory behavior, and subjecting her to interrogations. She further alleges that DPS and certain employees retaliated against her for complaining about her coworker's use of a foreign language at work and for identifying deficiencies in DPS's auditing models while suggesting improvements.

Militinska-Lake filed a First Amended Complaint (FAC) as a matter of right, which defendants moved to dismiss. The District Court dismissed the FAC, dismissing certain claims with prejudice, and granting plaintiff leave to file a Second Amended Complaint (SAC) as to other claims. See Militinska-Lake v. Kirnon, No. 1:20CV00443(TJM), 2021 WL 3569807 (N.D.N.Y. Aug. 11, 2021) (Militinska-Lake I). Plaintiff filed a SAC, and defendants moved to dismiss the SAC as well. The District Court granted the motion to dismiss, this time with prejudice as to all remaining claims, for insufficient service of

3

process under Rule 12(b)(5) and for failure to state a claim under Rule 12(b)(6). See Militinska-Lake v. N.Y. Dep't of Pub. Serv., No. 1:20CV00443(TJM), 2022 WL 4133131 (N.D.N.Y. Sept. 12, 2022) (Militinska-Lake II). Militinska-Lake timely appealed, challenging both orders of dismissal. We assume the parties' familiarity with the underlying facts, issues on appeal, and procedural history, and recite them herein only as necessary.

## I.      Dismissal for Insufficient Service of Process

"We review a dismissal under Rule 12(b)(5) based on insufficient service of process for abuse of discretion." Dickerson v. Napolitano, 604 F.3d 732, 740 (2d Cir. 2010). "When a defendant moves to dismiss under Rule 12(b)(5), the plaintiff bears the burden of proving adequate service." Id. at 752 (citation and quotation marks omitted). New York law provides for several methods of service on an individual defendant. See N.Y. C.P.L.R. §§308, 318 (McKinney 2023).

The District Court determined that Militinska-Lake did not properly serve defendants Stout, Scherer, Balleau, and Congdon. Militinska-Lake attempted to serve these defendants at the home address of an attorney employed with DPS, but failed to establish that the attorney could accept service in that manner for those defendants in their personal capacities. See Militinska-Lake I, 2021 WL 3569807, at *6-8; Militinska-Lake II, 2022 WL 4133131, at *7-9. We conclude that the District Court correctly determined that it lacked personal jurisdiction over defendants Stout, Scherer, Balleau, and Congdon, and appropriately dismissed all claims against them.

4

## II.  Dismissal for Failure to State a Claim

We review a district court's dismissal under Rule 12(b)(6) de novo, assessing whether the well-pleaded facts, accepted as true and with all reasonable inferences drawn in the plaintiff's favor, state a plausible claim for relief.  See VIZIO, Inc. v. Klee, 886 F.3d 249, 255 (2d Cir. 2018).  "We construe a pro se complaint liberally to raise the strongest arguments it suggests."  Darby v. Greenman, 14 F.4th 124, 127 (2d Cir. 2021) (citation and quotation marks omitted).  After careful de novo review of the record and the District Court's decisions, we conclude that Militinska-Lake's claims were appropriately dismissed.

### A.  Free Speech Claims

"A plaintiff asserting a First Amendment retaliation claim must establish that: (1) [her] speech or conduct was protected by the First Amendment; (2) the defendant took an adverse action against [her]; and (3) there was a causal connection between this adverse action and the protected speech."  Matthews v. City of New York, 779 F.3d 167, 172 (2d Cir. 2015) (citation and quotation marks omitted).  As relevant here, a public employee's speech is protected only if the speech is on a "matter of public concern" and only if the employee spoke "as a citizen rather than solely as an employee."  Id. (citation and quotation marks omitted).

We agree with the District Court that the speech in question does not satisfy this test.  Militinska-Lake alleges that every aspect of her work at DPS is a subject of public

5

interest, and that she was retaliated against for her attempt to vindicate the public's trust in unbiased and efficient government decisions. However, it is well-established that "internal workplace grievances" are "not matters of public concern." Specht v. City of New York, 15 F.4th 594, 601 (2d Cir. 2021); see also Ruotolo v. City of New York, 514 F.3d 184, 190 (2d Cir. 2008) ("[A] public employee may not transform a personal grievance into a matter of public concern by invoking a supposed popular interest in the way public institutions are run." (citation and quotation marks omitted)); see also Singer v. Ferro, 711 F.3d 334, 340 (2d Cir. 2013) (First Amendment protection does not extend to complaints that are of "marginal public interest" or are the "private ventings of disgruntled public employees." (citation and quotation marks omitted)). Accordingly, Militinska-Lake has failed to state a First Amendment claim because her speech could not be "fairly considered as relating to any matter of political, social, or other concern to the community." Colvin v. Keen, 900 F.3d 63, 75 (2d Cir. 2018) (citation and quotation marks omitted).

**B. Due Process Claims**

"To state a Section 1983 claim," for violation of procedural due process rights, "a plaintiff must demonstrate that [she] possessed a protected liberty or property interest, and that [she] was deprived of that interest without due process." Hynes v. Squillace, 143 F.3d 653, 658 (2d Cir. 1998) (per curiam). To the extent that Militinska-Lake claims that she was denied promotions without due process, she fails to plead facts suggesting that she possessed a protected interest. See id. To the extent she claims that she was suspended

from her employment without due process, Militinska-Lake also fails to state a claim because she received due process through the arbitration proceedings that reversed much of the discipline imposed. See Green v. Dep't of Educ. of N.Y.C., 16 F.4th 1070, 1077 (2d Cir. 2021) (per curiam). As such, Militinska-Lake has failed to state a procedural due process claim.

### C.    Title VII and New York Human Rights Law Claims

#### 1.    Title VII

"Title VII requires that individuals aggrieved by acts of discrimination file a charge with the EEOC within . . . 300 days 'after the alleged unlawful employment practice occurred.'" Vega v. Hempstead Union Free Sch. Dist., 801 F.3d 72, 78-79 (2d Cir. 2015). A plaintiff can only bring suit under Title VII for acts of discrimination that occurred within the 300-day period before the filing of the EEOC complaint. See Patterson v. Cnty. of Oneida, N.Y., 375 F.3d 206, 220 (2d Cir. 2004). "Under the continuing violation exception to the Title VII limitations period, if a Title VII plaintiff files an EEOC charge that is timely as to any incident of discrimination in furtherance of an ongoing policy of discrimination, all claims of acts of discrimination under that policy will be timely even if they would be untimely standing alone." Id. (citation and quotation marks omitted). However, "[t]o bring a claim within the continuing violation exception, a plaintiff must at the very least allege that one act of discrimination in furtherance of the ongoing policy occurred within the limitations period." Id.

Militinska-Lake alleges that she filed her EEOC complaint on September 30, 2019.

7

Accordingly, only claims arising out of events occurring after December 4, 2018, are timely, absent a showing of a continuing violation. On appeal, Militinska-Lake identifies just four timely adverse employment actions: (1) a January 2019 meeting during which she was interrogated by HR, (2) the March 2019 arbitration hearings, (3) the May 2019 arbitration decision, and (4) a 2019 Annual Assessment. These incidents do not allow for even a minimal inference of discrimination.

Militinska-Lake has failed to allege that any of the timely adverse employment actions "give rise to a plausible inference of discrimination . . . ." Buon v. Spindler, 65 F.4th 64, 83 (2d Cir. 2023) (citation and quotation marks omitted). Additionally, because she has failed to allege even one act of discrimination within the limitations period, Militinska-Lake cannot satisfy the continuing violation exception to the statute of limitations. See Patterson, 375 F.3d at 220. In sum, Militinska-Lake has failed to allege a timely Title VII claim.

### 2. New York Executive Law §296

"We review discrimination claims brought under the NYSHRL according to the same standards that we apply to Title VII discrimination claims." Pucino v. Verizon Wireless Commc'ns, Inc., 618 F.3d 112, 117 n.2 (2d Cir. 2010). However, because claims under Section 296 of the NYSHRL have a three-year statute of limitations, our review of Militinska-Lake's allegations goes beyond the four incidents noted above. See Kassner v. 2nd Ave. Delicatessen Inc., 496 F.3d 229, 238 (2d Cir. 2007); N.Y. C.P.L.R. §214(2) (McKinney 2023). Even taking a broader temporal view of Militinska-Lake's allegations,

her complaints of DPS denying her promotions, suspending her for using a Russian word, giving her negative evaluations, refusing to implement her auditing strategies, not addressing her complaints regarding her coworkers' discriminatory behavior, and subjecting her to interrogations, fail to suggest even a "minimal inference of discriminatory motivation" because she does not allege that any of these actions occurred because she is a member of a protected class.[1]  Littlejohn v. City of New York, 795 F.3d 297, 311 (2d Cir. 2015).  Thus, Militinska-Lake has failed to allege a plausible claim under Section 296.

D.     **New York Civil Service Law §75-b Claims**

"To make out a prima facie case for violation of section 75-b, a plaintiff must establish (1) an adverse personnel action; (2) disclosure of information to a governmental body regarding an improper governmental action, and (3) a causal connection between the disclosure and the adverse personnel action."  Lin v. New York City Dep't of Educ., 142 N.Y.S.3d 10, 13 (N.Y. App. Div. 2021) (citation and quotation marks omitted).  At the time Militinska-Lake commenced this litigation, a claim under section 75-b was required to be "brought within one year after it accrues."  Donas v. City of New York, 878 N.Y.S.2d 360, 360 (N.Y. App. Div. 2009).  Because she filed her Complaint on April 16, 2020, any

---

[1] While Militinska-Lake alleges that on certain occasions, her co-workers made offensive comments pertaining to her Ukrainian origin, she fails to allege a hostile work environment claim because she does not plausibly allege that "the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of [her] employment and create an abusive working environment."  Littlejohn v. City of New York, 795 F.3d 297, 320-21 (2d Cir. 2015) (citation and quotation marks omitted).

claims based on events occurring before April 16, 2019, are time-barred.[2]  Thus, for the reasons stated, Militinska-Lake has failed to state a claim for retaliation under New York Civil Service Law §75-b.

### E.      Defamation Claims

Under New York law, defamation claims alleging libel or slander have a one-year statute of limitations.  See N.Y. C.P.L.R. §215(3) (McKinney 2023).  The statute of limitations is "measured from the date of publication of the allegedly defamatory statement."  Blair v. Meth, 977 N.Y.S.2d 318, 318 (N.Y. App. Div. 2013).  Militinska-Lake has failed to allege any defamatory conduct that is not barred by the statute of limitations.  Accordingly, Militinska-Lake has failed to state a plausible defamation claim.

*     *     *

We have considered Militinska-Lake's remaining arguments and find them to be without merit.  Accordingly, we **AFFIRM** the judgment of the District Court.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court

---

[2] Only the arbitration decision issued on May 16, 2019, falls within the one-year statute of limitations; but that decision was issued by an independent, third-party arbitrator.  The arbitrator's actions cannot be imputed to the defendants in this action because the arbitrator is not a "public employer" as defined in the statute.  See N.Y. Civ. Serv. Law §75-b(1)(a) (McKinney 2023).