**Delaney v RELX, Inc.**

2024 NY Slip Op 33614(U)

October 10, 2024

Supreme Court, New York County

Docket Number: Index No. 154424/2024

Judge: Paul A. Goetz

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. PAUL A. GOETZ**      PART      47

*Justice*

------------------------------------------------------------------------------X

ANDREW DELANEY,

                         Plaintiff,

                 - v -

RELX, INC. D/B/A LEXISNEXIS USA, PORTFOLIO MEDIA, INC.

                         Defendants.

------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 154424/2024 |
| MOTION DATE | 06/04/2024 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40

were read on this motion to/for             DISMISS             .

In this libel action, defendants RELX Inc. d/b/a LexisNexis USA ("RELX") and Portfolia Media Inc. ("PMI") move pursuant to CPLR § 3211 to dismiss the complaint with prejudice. Defendants argue that plaintiff's claims are barred by the statute of limitations, that some of his claims are barred by res judicata, and that plaintiff has failed to state a claim. RELX argues that it is not a proper party and both defendants argue that they are entitled to recover attorney's fees pursuant to the NY Anti-SLAPP statute. Finally, defendants argue that plaintiff is a vexatious litigant and should be subject to a filing injunction.

## BACKGROUND

Plaintiff has filed four prior defamation complaints against defendants based on articles published in *Law360*, a publication run by PMI, which were reporting on litigation between plaintiff and his former employer, a staffing agency, HC2, Inc. ("HC2"). Summaries of the prior cases follows:

**154424/2024  DELANEY, ANDREW vs. RELX, INC. D/B/A LEXISNEXIS USA ET AL**          **Page 1 of 14**
**Motion No.  001**

1 of 14

*Federal Action*

On February 10, 2022, plaintiff and non-party Christopher Beres, plaintiff's counsel in the HC2 litigation, filed a complaint against defendants in the Southern District of Florida based on eight statements from four *Law360* articles, three of which are also at issue in this case. Defendants filed a motion to dismiss, but while that motion was pending, Beres and plaintiff filed a notice of voluntary dismissal without prejudice (NYSCEF Doc No 22).

*First Florida Action*

On February 21, 2023, plaintiff and Beres filed a complaint in the Circuit Court of the Florida identical to the Florida federal action as John Does. This action was based on the same eight statements as the federal action. Defendants again filed a motion to dismiss, and again Beres and plaintiff filed a notice of voluntary dismissal without prejudice (NYSCEF Doc No 25). Following the voluntary dismissal, defendants moved to recover attorney's fees under Florida's anti-SLAPP law. The motion was granted, with the court holding that defendants were the prevailing parties as "[p]laintiffs' voluntary dismissal of this action operates as an adjudication of the Complaint on the merits, and dismissal with prejudice, because it was Plaintiffs' second voluntary dismissal of substantively identical claims against Defendants" (NYSCEF Doc No 27 ¶ 12).

*Second Florida Action*

On July 18, 2023 plaintiff and Beres, again filed a defamation complaint in the Circuit Court of Florida this time as John Does. The complaint alleged defamation based on five of the same statements from the prior cases and introduced additional claims based on three new statements from two additional *Law360* articles (NYSCEF Doc No 28). Defendants again filed a motion to dismiss, and plaintiff and Beres again filed a notice of voluntary dismissal while the

**154424/2024   DELANEY, ANDREW vs. RELX, INC. D/B/A LEXISNEXIS USA ET AL**
**Motion No.  001**

Page 2 of 14

2 of 14

motion was pending (NYSCEF Doc No 30). Defendants filed an anti-SLAPP motion to recover attorneys fees in the second Florida state court action which is pending.

*Minnesota Action*

On November 20, 2023, plaintiff filed a complaint as the sole plaintiff, in Minnesota District Court. The Minnesota complaint alleged defamation based on the same eight statements from the second Florida action (NYSCEF Doc No 31). Defendants filed a motion to dismiss and the Minnesota court issued a decision and order on April 30, 2024 (NYSCEF Doc No 2). The Minnesota court granted dismissal based on a *forum non conveniens*, holding that "[d]efendants have established that either New York or Florida is a superior forum" (NYSCEF Doc No 2 at 12).

However, the Minnesota court also held that because plaintiff had previously voluntarily dismissed two actions based on the first five allegedly libelous statements in his complaint that "[p]laintiff's withdrawal of his defamation claims based on statements 1-5 on two previous occasions operates as a decision on the merits" (*id*. at 15). The court continued "[t]herefore, as an alternative holding, Defendants' motion is GRANTED and Plaintiff's defamation claims based on statements 1-5 are dismissed with prejudice" (*id*. at 15-16).

The Minnesota court then proceeded to analyze defendants' substantive argument that the statements were privileged, subject to the fair and accurate report privilege. The court, while recognizing that the claims were dismissed on other grounds, denied defendants motion to dismiss based on the statements being privileged as to statements 1-7 (*id*. at 17). However, as for statement eight, the court found the statement was subject to the fair and accurate reporting privilege and granted the motion to dismiss for this statement.

**154424/2024   DELANEY, ANDREW vs. RELX, INC. D/B/A LEXISNEXIS USA ET AL**
**Motion No. 001**

**Page 3 of 14**

3 of 14

*Instant Action*

Following the dismissal in the Minnesota court, plaintiff filed the instant action alleging defamation based on the same eight statements from five *Law360* articles in the Minnesota action. The five articles are summarized in defendants' memorandum of law as follows:

- *Ex-WilmerHale Temp Moves to DQ Judge in Employment*, dated December 20, 2021 (the "First Article"), reports on Delaney's motion to disqualify Judge - Liman from the HC2 Litigation.

- *Agency Pans Ex-WilmerHale Temp's DQ Bid in Extortion*, dated January 4, 2022 (the "Second Article"), reports on HC2's response to Delaney's motion to disqualify Judge.

- *Court Rejects Recusal Bid in WilmerHale Extortion Suit by Law360*, dated January 6, 2022 (the "Third Article") reports Judge Liman's denial of Delaney's disqualification motion.

- *Fla. Atty Denies Attempt to Extort Toyota, Wilmer Hale*, dated March 6, 2023 (the "Fourth Article"), reports on a different lawsuit that Beres filed against Toyota and others alleging that they defamed him by accusing him of "extortion" in the HC2 Litigation. Compl.

- *Sullivan & Cromwell's $12.5K Deal with Bankrupt Atty Upheld*, dated March 24, 2023 (the "Fifth Article"), reports on an order denying Delaney's application to undo a $12,500 settlement agreed by his bankruptcy trustee in an action against another of his former employers.

The allegedly libelous statements are:

- Statement 1 is the First Article's summary of Delaney's motion to disqualify Judge Liman, which references the allegations in the HC2 Complaint: "A former WilmerHale document reviewer said U.S. District Judge Lewis J. Liman should be disqualified from overseeing a Southern District of New York suit that accuses him of extorting his former law firm because of the judge's alleged previous employment there.

- Statement 2 is the headline of the Second Article: "*Agency Pans Ex WilmerHale Temp's DQ Bid In Extortion Case*."

- Statement 3 is the Second Article's description of the allegations in the HC2 Complaint, that "HC2 sued Delaney, who'd worked on a Toyota matter as a Thai language reviewer for WilmerHale via a staffing agency, for allegedly trying to extort $450,000 from the company, WilmerHale and the car maker, and for allegedly revealing Toyota's sensitive company information in a Florida lawsuit after they failed to pay up."

- Statement 4 is the headline for the Third Article: "*Court Rejects Recusal Bid In WilmerHale Extortion Suit.*"

- Statement 5 is the Third Article's description of Judge Liman's decision not to recuse himself, including a reference to the allegations in the HC2 Complaint: "A New York federal district court said Thursday that it would not recuse itself in a suit against a former WilmerHale document reviewer that accuses him of extorting the law firm…."

- Statement 6 is the headline for the Fourth Article: "*Fla. Atty Denies Attempt to Extort Toyota, Wilmer Hale*".

- Statement 7 is the Fourth Article's description of the claims Beres made in the complaint he filed in the Toyota Defamation Lawsuit: "A Florida attorney has denied trying to extort Toyota Motor Corp. and its law firm, WilmerHale, over alleged wrongful termination of his client, saying accusations of demanding $450,000 and threats to disclose confidential information that were revealed in a state court lawsuit were false and defamatory."

- Statement 8 is the headline for the Fifth Article: "*Sullivan & Cromwell's $12.5K Deal With Bankrupt Atty Upheld.*"

## DISCUSSION

### A. Statute of Limitations

Defendants argue that the claims are all barred by New York's one-year statute of limitations for defamation claims. Plaintiff opposes, arguing that defendants, by arguing and being granted dismissal on *forum non conveniens* grounds in the Minnesota action, they have waived any defenses based on statute of limitations grounds.

**154424/2024   DELANEY, ANDREW vs. RELX, INC. D/B/A LEXISNEXIS USA ET AL**          **Page 5 of 14**
**Motion No.  001**

5 of 14

Pursuant to CPLR § 215, a suit for libel or slander must be commenced within one year. "[T]he statute of limitations for an action to recover damages for defamation is one year measured from the date of publication of the allegedly defamatory statement" (*Blair v Meth*, 112 AD3d 769 [2d Dept 2013]). Here, it is indisputable that the action was commenced more than one year after the allegedly defamatory statements were made. The articles containing the statements were published between December 20, 2021 and March 24, 2023 and the instant action was not commenced until May 14, 2024 (NYSCEF Doc No 1).

However, "[t]he doctrine of *forum non conveniens* permits a court to dismiss an action when, although it may have jurisdiction over a claim, the court determines that in the interest of substantial justice the action should be heard in another forum" (*Elmaliach v Bank of China Ltd*., 110 AD3d 192, 208 [1st Dept 2013]). "However, in order to assure the availability of a forum for the action, the dismissal must be conditioned upon the defendant stipulating to waive jurisdictional and statute of limitations defenses" (*Boyle v Starwood Hotels & Resorts Worldwide, Inc.*, 110 AD3d 938, 940 [2d Dept 2013], affd, 23 NY3d 1012 [2014]).

While the trial court in Minnesota did not specifically state that the dismissal based on *forum non conveniens* was conditioned on a waiver of statute of limitations and jurisdictional defenses, the Supreme Court of Minnesota has ruled that:

> Although application of the *forum non conveniens* doctrine will rarely be conditioned on protecting plaintiff from a change in the substantive law where those rights might be different in the alternative forum, with respect to the statute of limitations and other procedural law, we hold that a dismissal based on *forum non conveniens* must be conditioned on the preservation of the benefits of those laws as were applicable in Minnesota.

(*Kennecott Holdings Corp. v Liberty Mut. Ins. Co.*, 578 NW2d 358, 361-62 [Minn 1998]).

New York courts also condition dismissal based on *forum non conveniens* grounds upon waiver of certain defenses. "[I]n order to assure the availability of a forum for the action, the

**154424/2024   DELANEY, ANDREW vs. RELX, INC. D/B/A LEXISNEXIS USA ET AL**          **Page 6 of 14**
**Motion No.  001**

6 of 14

Supreme Court's dismissal should have been conditioned on the defendant's stipulation to the waiver of jurisdictional and statute of limitations defenses as indicated herein" (*Koop v Guskind*, 116 AD3d 672, 674 [2d Dept 2014]). Consequently, by raising and prevailing on their *forum non conveniens* argument before the Minnesota District Court, defendants are deemed to have waived their statute of limitations defense in this court in order to preserve the principle recognized in Minnesota and New York that plaintiff must have a forum available to litigate his claim. Indeed, it would be unjust and prejudicial to plaintiff to allow defendants to prevail on their argument that a timely filed case would be better suited in a different forum and then to prevail on the argument that the statute of limitations has now run in the new forum. Accordingly, the statute of limitations and jurisdictional defenses will be deemed waived by defendants and dismissal will not be granted on these grounds.

### B. Res Judicata and Two-Dismissal Rule on Statements 1-5

Defendants argue that the libel claims based upon statements 1-5 in this action must be dismissed because plaintiff's repeated voluntary dismissals of these claims operate as an adjudication on the merits and thus are barred by the doctrine of *res judicata*. Plaintiff argues that the Minnesota court ruled against defendants as to the two-dismissal rule.

CPLR § 3217 states

> (c) Effect of discontinuance. Unless otherwise stated in the notice, stipulation or order of discontinuance, the discontinuance is without prejudice, except that a discontinuance by means of notice operates as an adjudication on the merits if the party has once before discontinued by any method an action based on or including the same cause of action in a court of any state or the United States.

"The doctrine of res judicata bars the litigation of a claim or defense if, in a former litigation between the parties, or those in privity with them, in which there was a final conclusion, the subject matter and the causes of action are identical or substantially identical"

**154424/2024   DELANEY, ANDREW vs. RELX, INC. D/B/A LEXISNEXIS USA ET AL**
**Motion No.  001**

**Page 7 of 14**

7 of 14

[* 7]

(*Williams v City of Yonkers*, 160 AD3d 1017, 1018 [2d Dept 2018]). "[O]nce a claim is brought to a final conclusion, all other claims arising out of the same transaction … are barred" (*id*.). A plaintiff who files a "second voluntary discontinuance, which was effectuated by filing a notice of discontinuance, [is] an adjudication on the merits and, thus, [future identical actions are] barred by the doctrine of res judicata" (*Haber v Raso*, 130 AD3d 781, 782 [2d Dept 2015]).

Here, it is undisputed that plaintiff filed four prior actions based upon statements 1-5 in this case. Plaintiff discontinued three of those actions and the Florida Circuit Court deemed that discontinuance to be "an adjudication of the Complaint on the merits, and dismissal with prejudice" (NYSCEF Doc No 27 ¶ 12). Further, the Minnesota District Court also held, "[t]o conclude, Plaintiff's withdrawal of his defamation claims based on statements 1-5 on two previous occasions operates as a decision on the merits" (NYSCEF Doc No 2 at 15). While plaintiff contends that because the Minnesota court first dismissed based on *forum non conveniens* grounds, and later declined to dismiss statements 1-5 based on substantive grounds, that the dismissal based on *res judicata* was not granted. However, the decision states "[t]herefore, as an alternative holding Defendants' motion is GRANTED and Plaintiff's defamation claims based on statements 1-5 are dismissed with prejudice" (*id*. at 15-16). Indeed, even if the Minnesota court did not intend to dismiss claims based on statements on 1-5 on *res judicata* grounds, this court would still grant dismissal on *res judicata* grounds since the Florida Circuit Court already granted dismissal with prejudice for these claims in the first Florida Circuit Court action.

Accordingly, plaintiff's defamation claims based on statements 1-5 will be dismissed on *res judicata* gorunds. However, as for statements 6-8, plaintiff has only voluntarily discontinued claims based on these statements once, in the second Florida state action.

**154424/2024  DELANEY, ANDREW vs. RELX, INC. D/B/A LEXISNEXIS USA ET AL**       **Page 8 of 14**
**Motion No.  001**

[* 8]

8 of 14

## C. Statements 6-8

As for statements 6-8 defendants and plaintiff each argue that different portions of the substantive analysis in the Minnesota decision should be given preclusive effect either via *res judicata* or issue preclusion. Defendants argue that as for statement 8, the Minnesota District Court dismissed the claim with prejudice finding that the statement was subject to the "fair and accurate report" privilege and thus must be dismissed in this court on *res judicata* grounds as this was an adjudication on the merits. Defendants also argue that statements 6 and 7 must be dismissed for failure to state a cause of action, arguing that the statements are not "of and concerning" plaintiff. Plaintiff argues however, that the Minnesota District Court made a substantive determination on statements 6-7 when it denied defendants' motion to dismiss them based upon privilege. Plaintiff argues that this decision should be given a preclusive effect based on either *res judicata* or issue preclusion and requires the denial of defendants' motion to dismiss. Plaintiff further argues, albeit primarily in his complaint itself and not in the opposition papers to this motion, that the Minnesota District Court decision operated as a summary judgment motion in his favor and that he is therefore entitled to summary judgment in this action based upon this decision and an award of damages.

### i. Statement 8 – Res Judicata

The Minnesota District Court dismissed the claim based on statement 8 on the merits and its determination must be given *res judicata* effect. The Minnesota Court stated, "As an alternative holding to the forum non conveniens holding … Defendants' motion to dismiss regarding the eighth statement is GRANTED" (NYSCEF Doc No 2 at 19). Plaintiff failed to oppose this portion of the motion and has thus abandoned this claim (*Saidin v Negron*, 136 AD3d 458, 459 [1st Dept 2016]). Therefore, the claim based upon statement 8 will be dismissed.

**154424/2024   DELANEY, ANDREW vs. RELX, INC. D/B/A LEXISNEXIS USA ET AL**
**Motion No.  001**

**Page 9 of 14**

*ii.*      *Statement 6-7 Res Judicata and Collateral Estoppel*

As for the claims based upon statements 6 and 7, the Minnesota District Court ruled that the "fair and accurate report" privilege did not apply to these statements. "If not for the case being dismissed under *forum non conveniens*, claims based on Statement 6 and Statement 7 could continue because they are not privileged and would not be dismissed under the two-dismissal rule" (NYSCEF Doc No 2 at 20-21).

As a preliminary matter, contrary to plaintiff's argument this dismissal is not a summary judgment decision in his favor. The Minnesota District Court did not determine whether defendants' statements were defamatory, but instead merely ruled that the specific privilege asserted by defendants did not apply. Indeed, the decision cited by the Minnesota court states, "Even if every element of a defamation claim is established, a speaker is not liable if an absolute or qualified privilege protects the defamatory statement and the qualified privilege is not abused" (*Larson v Gannett Co., Inc.*, 940 NW2d 120, 131 [Minn 2020]). In denying the application of privilege, the court did not make a substantive determination whether plaintiff had proven the elements of defamation but instead declined to dismiss the claims based upon the assertion of privilege. Since, "*res judicata* requires a final judgment in a prior action" which was not granted in the Minnesota action, the doctrine of *res judicata* cannot apply for these claims (*Hudson-Spring Partnership, L.P. v P%8FM Design Consultants, Inc*., 112 AD3d 419, 419 [1st Dept 2013]).

However, the doctrine of issue preclusion, or collateral estoppel can preclude relitigating the privilege issue in this case since, "the doctrine of collateral estoppel bars relitigation of an issue which has necessarily been decided in a prior action and is determinative of the issues disputed in the present action, provided that there was a full and fair opportunity to contest the

**154424/2024 DELANEY, ANDREW vs. RELX, INC. D/B/A LEXISNEXIS USA ET AL**
**Motion No. 001**

**Page 10 of 14**

decision now alleged to be controlling" (*JBGR, LLC v Chicago Tit. Ins. Co.*, 128 AD3d 900, 902 [2d Dept 2015]). However, whether collateral estoppel prevents the defendants from asserting the "fair and accurate report" privilege, codified in New York as Civil Rights Law § 74, need not be decided because defendants do not argue for its application in their motion. Instead, they argue that statements 6 and 7 are not "of and concerning" plaintiff and therefore dismissal is warranted for failure to state a cause of action. While defendants made this argument in their motion to dismiss the Minnesota action, the court did not address it so this court is not bound by the Minnesota District Court's decision as to statements 6 and 7.

    *iii.*     *Statement 6-7 Failure to State a Claim - Statement Of and Concerning Plaintiff*

When reviewing a "motion to dismiss for failure to state a cause of action pursuant to CPLR 3211(a)(7), [courts] must accept the facts as alleged in the complaint as true, accord the plaintiff the benefit of every reasonable inference, and determine only whether the facts, as alleged fit within any cognizable legal theory" (*Bangladesh Bank v Rizal Commercial Banking Corp.*, 226 AD3d 60, 85-86 [1st Dept 2024] [internal quotations omitted]). "In making this determination, [a court is] not authorized to assess the merits of the complaint or any of its factual allegations" (*id*. at 86 [internal quotations omitted]). Further "[i]n assessing a motion under CPLR 3211(a)(7), ... the criterion is whether the proponent of the pleading has a cause of action, not whether [they have] stated one" (*Eccles v Shamrock Capital Advisors, LLC*, 2024 NY Slip Op 02841 [Ct App May 23, 2024] [internal quotations omitted]).

"In order to establish a prima facie case of defamation, plaintiffs must show that the matter published is 'of and concerning' them" (*Three Amigos SJL Rest., Inc. v CBS News Inc.*, 28 NY3d 82, 86 [2016]). "Although it is not necessary for the plaintiffs to be named in the publication, they must plead and prove that the statement referred to them and that a person

**154424/2024 DELANEY, ANDREW vs. RELX, INC. D/B/A LEXISNEXIS USA ET AL**       **Page 11 of 14**
**Motion No. 001**

11 of 14

hearing or reading the statement reasonably could have interpreted it as such" (*id*.). "This burden is not a light one, and the question of whether an allegedly defamatory statement could reasonably be interpreted to be 'of and concerning' a particular plaintiff is a question of law for the courts to decide" (*id*. at 86-87).

Here, reading the complaint in the light most favorable to plaintiff, the defendants have failed to establish that the statements are not "of and concerning" plaintiff. The two statements in question do not directly name plaintiff, however plaintiff is named later in the article and when read in the context of the entire article, they do imply that the plaintiff is complicit with the alleged extortion referenced in the statements. The article states that "Delaney hired Beres to send a letter to Toyota demanding to be paid $450,000 or they would initiate legal action and disclose confidential information (NYSCEF Doc No 6). The inclusion of the word "extort" within statement 6 and 7 concern plaintiff because the implication is that plaintiff initiated the extortion scheme. Accordingly, the claims based on statements 6 and 7 will not be dismissed.

### D. Claims as against RELX

Defendants also argue that the claims must be dismissed as against RELX because as a parent company they are not liable for statements made by its subsidiary. Plaintiff does not oppose this portion of the motion.

Plaintiff's complaint alleges that RELX is liable because it "owns the defendant [PMI], which publishes *Law360*" (NYSCEF Doc No 1 ¶ 3). However, "piercing the corporate veil requires a showing that: (1) the owners exercised complete domination of the corporation in respect to the transaction attacked; and (2) that such domination was used to commit a fraud or wrong against the plaintiff which resulted in plaintiff's injury" (*Franklin v Daily Holdings, Inc*., 135 AD3d 87, 95 [1st Dept 2015]). Here, "the complaint's conclusory statement is insufficient"

**154424/2024 DELANEY, ANDREW vs. RELX, INC. D/B/A LEXISNEXIS USA ET AL**
**Motion No. 001**

Page 12 of 14

12 of 14

to establish liability for RELX (*id*. at 96). Accordingly, the complaint will be dismissed as against RELX.

### E. Anti-SLAPP Law

Defendant moves to collect attorneys fees under New York's Anti-SLAPP law. Suits under Civil Rights Law § 70-a allows a defendant to recover attorney's fees when "the action involving public petition and participation was commenced or continued without a substantial basis in fact and law." Because here, the claims based on statements 6 and 7 have not been dismissed the motion to collect attorney's fees must be denied at this juncture since it cannot be said that the case was "commenced … without a substantial basis in fact and law" (Civil Rights Law § 70-a).

Accordingly it is,

ORDERED that the part of defendants' motion to dismiss the causes of action based on statements 1, 2, 3, 4, 5 and 8 is granted and the claims are dismissed with prejudice; and it is further

ORDERED that the part of defendants' motion to dismiss the causes of action based on statements 6 and 7 is denied; and it is further

ORDERED that the part of defendants' motion to dismiss the complaint as against RELX's is granted; and it is further

**154424/2024   DELANEY, ANDREW vs. RELX, INC. D/B/A LEXISNEXIS USA ET AL**
**Motion No.  001**

**Page 13 of 14**

13 of 14

ORDERED that the part of defendants' motion to collect attorneys' fees under New York's anti-SLAPP law is denied; and it is further

ORDERED that the parties are directed to appear for a preliminary conference on November 7, 2024 at 9:30 am.

20241010115130PG0ETZ17B2A8A485AA1408B90E43C0F76C076A1

_____
**10/10/2024**
**DATE**

_____
**PAUL A. GOETZ, J.S.C.**

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | | GRANTED | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

[* 14]